GREGORY M. SALVATO (SBN 126285)
   Gsalvato@salvatoboufadel.com
MISTY PERRY ISAACSON (SBN 193204)
   Misty@salvatoboufadel.com
JOSEPH BOUFADEL (SBN 267312)
   Jboufadel@salvatoboufadel.com
SALVATO BOUFADEL LLP
505 N. Tustin Avenue, Suite 282
Santa Ana, California 92705
Telephone: (213) 484-8400

Proposed General Counsel for
Debtor and Debtor-in-Possession
LORDON ENTERPRISES, INC.

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>LORDON ENTERPRISES, INC.,<br><br>        Debtor and<br>        Debtor-in-Possession. | Case No. 2:25-bk-19832-BR<br><br>Chapter 11<br><br>**Notice of Application and Application of Debtor-in-Possession to Employ Salvato Boufadel LLP as General Bankruptcy Counsel; Declaration of Misty Perry Isaacson, Esq. and Statement of Disinterestedness**<br><br>**[Bankruptcy Code §§ 327, 330 & 331; FRBP 2014; LBR 2014-1(b)]**<br><br>[No Hearing Required] |

Salvato Boufadel
LLP

Application to Employ Salvato Boufadel LLP as
Bankruptcy Counsel for the Debtor
   -1-   
*In re Lordon Enterprises, Inc.*
Chapter 11 Case No.2:25-bk-19832-BR

**TO THE HONORABLE BARRY RUSSELL, UNITED STATES BANKRUPTCY
JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE,
AND OTHER INTERESTED PARTIES:**

     **PLEASE TAKE NOTICE** that debtor and debtor-in-possession Lordon
Enterprises, Inc. (the "Debtor") hereby applies for entry of an order under Bankruptcy
Code § 327(a) authorizing the Debtor to employ Salvato Boufadel LLP ("Salvato
Boufadel" or the "Firm") as its general bankruptcy counsel, effective as of November 3,
2025.  In compliance with LBR 2014-1(b)(3), the Debtor hereby provides the following
information regarding the Application:

    **1. Identity of professional and the purpose and scope for which it is being
employed.**

    The Debtor seeks to employ Salvato Boufadel as its general bankruptcy counsel.

    **2. Whether the professional seeks compensation pursuant to Bankruptcy Code §
328 or § 330.**

    The Debtor seeks to employ Salvato Boufadel pursuant to Bankruptcy Code § 327.
Salvato Boufadel will seek approval of its compensation and reimbursement of its
expenses pursuant to Bankruptcy Code §§ 330 and 331.

    **3. Arrangements for compensation.**

    Salvato Boufadel was retained by the Debtor to provide bankruptcy and insolvency
related advice on or about November 3, 2025. Under the terms of the Firm's Attorney-
Client Agreement, Salvato Boufadel is entitled to compensation on an hourly-fee basis
and reimbursement of expenses.

    Salvato Boufadel will charge for its services at an hourly rate measured in
increments of tenths of an hour. The professional rates for Salvato Boufadel's attorneys
for this matter will be as follows: $525 to $625 an hour. The principal attorney who will
be responsible for this matter is Misty Perry Isaacson, whose hourly rate for this
engagement is $600/hour. The hourly rate for Gregory M. Salvato is $625/hour and the
rate for Joseph Boufadel is $525/hour. Law clerks and paralegals will be billed between

Salvato Boufadel
LLP

Application to Employ Salvato Boufadel LLP as
Bankruptcy Counsel for the Debtor

-2-

*In re Lordon Enterprises, Inc.*
Chapter 11 Case No.2:25-bk-19832-BR

$100 to $200/hour. The Firm will also seek reimbursement of its expenses. Attached hereto as **Exhibit 2** are the rates of reimbursement of expenses.

The Debtor has provided Salvato Boufadel with a pre-petition retainer of $75,000.00 to commence services, including counseling on a potential filing of a bankruptcy case and engagement to cover the filing of a chapter 11 bankruptcy case. Salvato Boufadel has not been paid for any services to date and has not drawn down on the retainer. The Debtor is not obligated to replenish the retainer postpetition.

The Debtor proposes to compensate Salvato Boufadel on the following basis, except as the Court may otherwise determine and direct, after appropriate notice and hearing:

First, with respect to the retainer, for fees and costs chargeable to the Debtor, Salvato Boufadel will draw down on the retainer in accordance with the *Guide to Applications for Retainers, and Professionals and Insider Compensation* promulgated by the United States Trustee, except that the retainer will be maintained in Salvato Boufadel's attorney-client trust account rather than a segregated trust account. Salvato Boufadel will submit a monthly Professional Fee Statement each month until the retainer is exhausted.

Second, Salvato Boufadel will apply to the Bankruptcy Court under Bankruptcy Code §§ 330 and 331 for an allowance of fees and reimbursable expenses not more often than every 120 days. All applications of Salvato Boufadel for compensation will be heard upon notice to creditors and other parties-in-interest. Salvato Boufadel will accept such fees and reimbursement for expenses as may be awarded by the Court. Salvato Boufadel expects that its compensation will be based upon a combination of factors including, without limitation, its customary fees charged to clients who pay Salvato Boufadel monthly, as those fees are adjusted from time to time, the experience and reputation of counsel, the time expended, the results achieved, the novelty and difficulty of the tasks undertaken (including applicable time limitations) and the preclusion from other employment caused by its work on behalf of the Debtor. The source of future payments to

Salvato Boufadel
LLP

Application to Employ Salvato Boufadel LLP as          -3-          *In re Lordon Enterprises, Inc.*
Bankruptcy Counsel for the Debtor                                       Chapter 11 Case No.2:25-bk-19832-BR

the Firm after the retainer has been exhausted will be the Debtor's estate.

**4. Name, address and telephone number of person who will provide a copy of the Application.**

A copy of the Application is appended hereto. Copies may also be requested by contacting Misty Perry Isaacson at Salvato Boufadel LLP, 505 N. Tustin Ave., Suite 282, Santa Ana, California 92705; E-mail: Misty@salvatoboufadel.com; Telephone: (213) 484-8400.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to Local Bankruptcy Rule 9013 1(o)(1)(A)(ii), any objection and request for hearing must be in writing and must be filed and served within fourteen (14) days after of the date of mailing of this Notice, plus an additional 3 days if this notice of application was served by mail or pursuant to Fed.R.Civ.P. 5(b)(2)(D) or (F). The response or opposition to the application shall be filed with the Bankruptcy Court and served on the United States Trustee, at 915 Wilshire Boulevard, Suite 1850, Los Angeles, CA 90017, the Trustee at the address on the upper left-hand corner of this notice, and counsel for the Debtor, Salvato Boufadel LLP, c/o Misty Perry Isaacson, 505 N. Tustin Ave., Suite 282, Santa Ana, California 92705.

If you fail to file a written response within fourteen days of the date of the service of this notice, plus an additional 3 days if this notice of application was served by mail or pursuant to Fed.R.Civ.P. 5(b)(2)(D) or (F):

(1) Firm will file a declaration to indicate: (a) the Application was properly served, (a) the response period elapsed, and (c) no party filed and served a written opposition and request for a hearing within 14 days after the date of service of the notice [LBR 9013-1(o)(3)];

(2) Firm will lodge an order that the court may use to grant the Application; and

(3) The court may treat your failure as a waiver of your right to oppose the Application and may grant the Application without further hearing and notice. [LBR 9013-1(h)].

Salvato Boufadel
LLP

1

2    Dated:   November 24, 2025          SALVATO BOUFADEL LLP

3

4                                            */s/ Misty Perry Isaacson*
                                        By: _____
5                                           Gregory M. Salvato
                                            Misty Perry Isaacson
6                                           Joseph Boufadel

7                                       Proposed Attorneys for Debtor and Debtor-in-
                                        Possession LORDON ENTERPRISES, INC.
8

9

10    MAILING DATE:   November 24, 2025

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

Salvato Boufadel
LLP          28

# EMPLOYMENT APPLICATION

Debtor and Debtor-in-Possession Lordon Enterprises, Inc. (the "**Debtor**" or "**Lordon**") respectfully represents as follows:

### A. BANKRUPTCY BACKGROUND.

On November 3, 2025 (the "**Petition Date**"), the Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code. The Debtor remains in possession of his property and continues to operate as a debtor in possession pursuant to Bankruptcy Code §§ 1107(a) and 1108.

### B. THE DEBTOR'S HISTORY.

The Debtor is a property management company incorporated in or about March 6, 1974, and whose headquarters are based in Covina, California. Debtor specializes in providing management and planning services to community associations, assisting in financial planning, governance support, and community development.

The Debtor was founded in 1966 by Don Melching, who drew upon his experience managing over 25,000 units, including motels, apartments, and homeowners associations. From that experience, he recognized the need for a management firm that would approach each property with the same care and attention as its owners. At that time, the property management industry was in its early stages, and there was a growing demand for professional firms that could meet the distinct needs of association boards and their members.

Guided by principles of commitment, integrity, and professionalism, the Debtor developed into a respected firm serving approximately 200 communities. The Debtor has maintained a longstanding reputation for ethical conduct and high-quality service, supported by a skilled and experienced management team dedicated to advancing the firm's tradition of excellence.

**Events Precipitating the Filing.** Lake Lindero Homeowners Association (the "**HOA**") is a homeowner's association in Agoura Hills, California. The HOA had an agreement with Golf Projects Lindero ("**GPL**") under which GPL maintained common

Salvato Boufadel
LLP

Application to Employ Salvato Boufadel LLP as
Bankruptcy Counsel for the Debtor

-6-

*In re Lordon Enterprises, Inc.*
Chapter 11 Case No.2:25-bk-19832-BR

areas, parks, the lake, country club, restaurant, tennis courts and other amenities within the association (the "**Agreement**"). GPL and HOA entered into the management agreement in 1994. In November 2013, the Agreement was amended to extend specific terms through November 30, 2027, and to extend the Agreement through December 31, 2050.

In or about 2017, disputes arose between the HOA and GPL regarding certain maintenance of projects that the HOA alleges should have been performed under the Agreement.  Thereafter, in or about July 2018, the HOA Board terminated GPL's management agreement and hired Lordon to manage the HOA facilities. The parties became involved in a protracted legal dispute concerning the finances and management of the club. GPL filed a complaint asserting that Lordon had interfered with its prospective business relationships and economic opportunities. In 2023, the Superior Court of California, County of Los Angeles ("**LASC**") in Case No. LC107621 (the "**Litigation**") issued a ruling finding that certain actions by the HOA and its former president resulted in liability to GPL. The judgment was entered against the HOA, not Lordon, and reflected the LASC's findings with respect to the association's conduct.

On or about October 9, 2025, GPL obtained a default judgment against the Debtor in the amount of $14,091,973.60, plus costs in the amount of $14,757.18 (collectively the "**Default Judgment**"). The Debtor strenuously disputes the validity of the Default Judgment—believed to be void in the first instance—and the process for which it was entered.

On or about October 17, 2025, GPL sought the issuance of a writ of execution.

Subsequent to the entry of the Default Judgment, Debtor filed motions seeking to Set Aside and/or Vacate the Default Judgment and for a New Trial and was further engaging in settlement discussions with GPL.

On or about October 27, 2025, GPL executed a levy on Debtor's deposit accounts that were held with Sunwest.  The LASC case is ongoing, with Lordon taking steps to collect the judgment from the HOA.

The instant chapter 11 filing is the result of the Debtor's alleged liability to GPL and

Salvato Boufadel
LLP

Application to Employ Salvato Boufadel LLP as
Bankruptcy Counsel for the Debtor

-7-

*In re Lordon Enterprises, Inc.*
Chapter 11 Case No.2:25-bk-19832-BR

1   other creditors, the levy executed on the Debtor's deposit accounts held with Sunwest, and

2   the resulting litigation costs related to the Litigation and related appeals. The Debtor has

3   filed this bankruptcy case to create breathing space from the Litigation and to create a plan

4   or repayment to its creditors, in lieu of liquidation.

5       **C. PROPOSED RETENTION OF SALVATO BOUFADEL AS DEBTOR'S**

6          **GENERAL BANKRUPTCY COUNSEL.**

7       It is necessary for the Debtor to employ Salvato Boufadel as its general bankruptcy

8   counsel to advise and represent the Debtor in connection with the administration of its

9   bankruptcy estate and to aid the Debtor in the administration of this case. Among other

10  things, the Debtor requires bankruptcy counsel to:

11      (1)     advise and assist the Debtor in the preparation of all statements, schedules,

12  records and reports required by applicable law in connection with the operation and

13  administration of the case;

14      (2)     advise and assist the Debtor with respect to chapter 11 case requirements,

15  including the preparation and filing of Monthly Operating Reports, payment of fees to the

16  United States Trustee, and maintaining DIP bank accounts, among other requirements,

17  and to help me stay in compliance with the Bankruptcy Code, the Federal Rules of

18  Bankruptcy Procedure, the Court's Local Bankruptcy Rules, and the Guidelines of the

19  U.S. Trustee;

20      (3)     attend meetings and negotiations with various representatives of creditors

21  and other parties in interest;

22      (4)     represent the Debtor in contested matters, adversary proceedings, and any

23  other hearings before this Court;

24      (5)     review and, if appropriate, pursue avoidable transfers and other claims that

25  the estate may have against third parties, including GPL;

26      (6)     analyze and review the validity of claims of creditors who file proofs of

27  claims and, if appropriate, object to those claims;

Salvato Boufadel
LLP

28      (7)     analyze the validity of all administrative expenses and, if appropriate, object

to those expenses;

(8)    assist the Debtor with the settlement and compromise of claims by or against the estate, or pertaining to matters relating to this case;

(9)    assess prospects for reorganization of my financial affairs under chapter 11 of the Bankruptcy Code and, if appropriate, assist the Debtor in the prompt formulation, proposal, confirmation and implementation of a chapter 11 plan;

(10)    advise and assist the Debtor regarding matters of bankruptcy law and concerning the requirements of the Bankruptcy Code and Bankruptcy Rules relating to the administration of this case, and the operation of the Debtor's estate as a debtor in possession, including preparation and confirmation of a Plan of Reorganization; and

(11)    perform other general legal services relating to the administration of the estate.

The Debtor proposes to retain Salvato Boufadel as its general bankruptcy counsel effective as of the petition date.

### D. <u>QUALIFICATIONS OF COUNSEL</u>

The Debtor believes that Salvato Boufadel is well qualified and experienced in the area of bankruptcy law and is competent to represent the Debtor in this bankruptcy case.

Salvato Boufadel is experienced in debtor/creditor matters, including representing chapter 11 debtors, creditors, and other interested parties who appear in bankruptcy cases. Salvato Boufadel is competent to perform the requisite legal services in this bankruptcy case.

Misty Perry Isaacson, who is the attorney primarily overseeing this case, is a Bankruptcy Specialist, certified by the State Bar of California and has over 20+ years of experience in bankruptcy matters. She represents, or has represented Debtors, Creditors, Chapter 7 and 13 Trustees, the United States Trustee, and parties to lawsuits in bankruptcy proceedings and assists clients in non-bankruptcy financial workouts and collection issues. Ms. Perry Isaacson is admitted to practice before all California Courts, the Central, Southern, Northern, and Eastern Districts, and the United States Court of Appeals for the

Salvato Boufadel
LLP

Application to Employ Salvato Boufadel LLP as                -9-                In re Lordon Enterprises, Inc.
Bankruptcy Counsel for the Debtor                                                Chapter 11 Case No.2:25-bk-19832-BR

Ninth Circuit.

Mr. Salvato has practiced bankruptcy and business litigation since 1987 at large and medium-sized firms in Los Angeles, in his own firm, Salvato Law Offices, since 2010 and in the Firm since 2021. He has a broad practice in bankruptcy reorganizations and litigation, as well as business litigation in state and federal courts.

Mr. Boufadel is a certified specialist in bankruptcy law by the California State Bar, Board of Legal Specialization. Mr. Boufadel is a partner at the Firm and has practiced in bankruptcy and business litigation since 2009, handling litigation matters in state, bankruptcy and other federal courts.

Information about Salvato Boufadel LLP and cases handled is set forth on the firm's website at www.salvatoboufadel.com and in the resume attached as **Exhibit 1**.

### E. <u>ARRANGEMENTS FOR COMPENSATION</u>.

Salvato Boufadel was retained by the Debtor to provide bankruptcy and insolvency related advice on or about November 3, 2025. Under the terms of the Firm's Attorney-Client Agreement, Salvato Boufadel is entitled to compensation on an hourly-fee basis and reimbursement of expenses.

Salvato Boufadel will charge for its services at an hourly rate measured in increments of tenths of an hour. The professional rates for Salvato Boufadel's attorneys for this matter will be as follows: $525 to $625 an hour. The principal attorney who will be responsible for this matter is Misty Perry Isaacson, whose hourly rate for this engagement is $600/hour. The hourly rate for Gregory M. Salvato is $625/hour and the rate for Joseph Boufadel is $525/hour. Law clerks and paralegals will be billed between $100 to $200/hour. The Firm will also seek reimbursement of its expenses. Attached hereto as **Exhibit 2** are the rates of reimbursement of expenses.

The Debtor's principals, Donald Melching and Gloria Melching, provided Salvato Boufadel with a pre-petition retainer of $75,000.00 to commence services, including counseling on a potential filing of a bankruptcy case and engagement to cover the filing of a chapter 11 bankruptcy case. Salvato Boufadel has not been paid for any services to date

Salvato Boufadel
LLP

Application to Employ Salvato Boufadel LLP as
Bankruptcy Counsel for the Debtor
    -10-
*In re Lordon Enterprises, Inc.*
Chapter 11 Case No.2:25-bk-19832-BR

1  and has not drawn down on the retainer. The Debtor is not obligated to replenish the

2  retainer postpetition.

3      The Debtor proposes to compensate Salvato Boufadel on the following basis,

4  except as the Court may otherwise determine and direct, after appropriate notice and

5  hearing:

6      First, with respect to the retainer, for fees and costs chargeable to the Debtor,

7  Salvato Boufadel will draw down on the retainer in accordance with the *Guide to*

8  *Applications for Retainers, and Professionals and Insider Compensation* promulgated by

9  the United States Trustee, except that the retainer will be maintained in Salvato

10  Boufadel's attorney-client trust account rather than a segregated trust account. Salvato

11  Boufadel will submit a monthly Professional Fee Statement each month until the retainer

12  is exhausted.

13      Second, Salvato Boufadel will apply to the Bankruptcy Court under Bankruptcy

14  Code §§ 330 and 331 for an allowance of fees and reimbursable expenses not more often

15  than every 120 days. All applications of Salvato Boufadel for compensation will be heard

16  upon notice to creditors and other parties-in-interest. Salvato Boufadel will accept such

17  fees and reimbursement for expenses as may be awarded by the Court. Salvato Boufadel

18  expects that its compensation will be based upon a combination of factors including,

19  without limitation, its customary fees charged to clients who pay Salvato Boufadel

20  monthly, as those fees are adjusted from time to time, the experience and reputation of

21  counsel, the time expended, the results achieved, the novelty and difficulty of the tasks

22  undertaken (including applicable time limitations) and the preclusion from other

23  employment caused by its work on behalf of the Debtor. The source of future payments to

24  the Firm after the retainer has been exhausted will be the Debtor's estate.

25      Salvato Boufadel understands that its compensation in this case will be subject to

26  the approval of the Court. Any interim payments paid to Salvato Boufadel pursuant to the

27  proposed monthly statement payment procedure will still be subject to allowance by the

28  Court, upon appropriate application and noticed hearing.

Salvato Boufadel
LLP

Court, upon appropriate application and noticed hearing.

### F.  **SALVATO BOUFADEL IS DISINTERESTED.**

Salvato Boufadel does not hold or represent an interest adverse to the estate. *See* accompanying Declaration of Misty Perry Isaacson and Statement of Disinterestedness attached hereto. Salvato Boufadel is disinterested within the meaning of Bankruptcy Code § 327(a). It is not a creditor, equity security holder, or insider of the Debtor.  Salvato Boufadel is not a director, officer, or employee of the Debtor. *See* Perry Isaacson Declaration and Statement of Disinterestedness.

Salvato Boufadel does not have any connections with the Debtor, its creditors, any other party in interest, their respective attorneys and accountants, the United States Trustee or any other person employed in the Office of the United States Trustee, except that Misty Perry Isaacson was employed in the Riverside Division of the Office of the U.S. Trustee from November 2009 to October 2010. FRBP 2014(a). It has not served as an examiner in this case. Bankruptcy Code § 327(f).

Salvato Boufadel does not have a "fee sharing" arrangement, understanding, or compensation sharing arrangement with any other person or entity, and no part of the attorney's fees or expenses awarded to the Firm will be paid to any other person or entity. *See* Bankruptcy Code § 329; FRBP 2016(b).

WHEREFORE, the Debtor respectfully requests authority to employ Salvato Boufadel, effective as of November 3, 2025, as general bankruptcy counsel and as an administrative expense in the above-captioned Chapter 11 case, and for such other and further relief as the Court deems proper.

Dated:  November 21, 2025          LORDON ENTERPRISES, INC.

By: _____
Don J. Melching, CEO and authorized
agent for LORDON ENTERPRISES, INC.,
the Debtor and Debtor-in-Possession

Salvato Boufadel
LLP

Application to Employ Salvato Boufadel LLP as          -12-          *In re Lordon Enterprises, Inc.*
Bankruptcy Counsel for the Debtor                                Chapter 11 Case No.2:25-bk-19832-BR

1    SUBMITTED BY:

2    Dated:   November 24, 2025          SALVATO BOUFADEL LLP

3

4                                            */s/ Misty Perry Isaacson*
                                       By: _____
5                                           Gregory M. Salvato
                                            Misty Perry Isaacson
6                                           Joseph Boufadel

7    Proposed Attorneys for Debtor and Debtor-in-
     Possession LORDON ENTERPRISES, INC.
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

Salvato Boufadel
     LLP        28

## DECLARATION OF MISTY PERRY ISAACSON, ESQ.

## AND STATEMENT OF DISINTERESTEDNESS

## UNDER FRBP 2014

I, Misty Perry Isaacson, declare:

I am an attorney at law licensed to practice before this Court and all Courts of the State of California. I am an attorney and of counsel to Salvato Boufadel LLP. I submit my declaration in support of Debtor and Debtor-in-Possession Lordon Enterprises, Inc.'s (the "**Debtor**") application to employ Salvato Boufadel LLP as general bankruptcy counsel in the above-captioned bankruptcy case. The following facts are known to me of my own personal knowledge and if called as a witness, I could and would testify competently to the truth thereof.

1. **Name, address and telephone number of the professional ("Salvato Boufadel" or "Professional") submitting this Statement**:

> GREGORY M. SALVATO (SBN 126285)
> Gsalvato@salvatoboufadel.com
> MISTY PERRY ISAACSON (SBN 193204)
> Misty@salvatoboufadel.com
> JOSEPH BOUFADEL (SBN 267312)
> Jboufadel@salvatoboufadel.com
> SALVATO BOUFADEL LLP
> 505 N. Tustin Avenue, Suite 282
> Santa Ana, California 92705
> Telephone: (213) 484-8400

2. **The services to be rendered by Salvato Boufadel in this case are (specify):** *See* Section C in the within Application. In short, Salvato Boufadel seeks to represent the Debtor as general bankruptcy counsel in Case No. 2:25-bk-19832-BR.

3. **The terms and source of the proposed compensation and reimbursement of the Salvato Boufadel are (specify):** *See* Sections D and E in the within Application. *See also* <u>Exhibit 2</u> for list of reimbursable expenses.

4. **The nature and terms of retainer (i.e., nonrefundable versus an advance against fees) held by Salvato Boufadel are (specify):** *See* Section E in the within

Salvato Boufadel
LLP

Application to Employ Salvato Boufadel LLP as                -14-                *In re Lordon Enterprises, Inc.*
Bankruptcy Counsel for the Debtor                                        Chapter 11 Case No.2:25-bk-19832-BR

1    Application. The Debtor holds a pre-petition retainer in its client trust account of

2    $75,000.00.

3         **5.**      **The investigation of disinterestedness made by the Professional prior to**

4    **submitting this Statement consisted of (specify):** Salvato Boufadel has conducted a

5    search/computer inquiry through the Firm's conflict database through a search of the

6    following: Debtor, all principals and affiliates of the Debtor, all creditors and other parties

7    listed in the master mailing list of Debtor, prior attorneys or accountants of the Debtor or

8    its affiliates, the United States Trustee, or any other person employed in the Office of the

9    United States Trustee.

10         **6.**      **The following is a complete description of all of Salvato Boufadel's**

11    **connections with the Debtor, principals of the Debtor, insiders, the Debtor's**

12    **creditors, any other party or parties in interest, and their respective attorneys and**

13    **accountants, the United States trustee, or any person employed in the office of the**

14    **United States trustee (specify):**

15         Misty Perry Isaacson was employed in the Riverside Division of the Office

16    of the U.S. Trustee from November 2009 to October 2010.

17         **7.**      **Salvato Boufadel is not a creditor, an equity security holder, or an**

18    **insider of the Debtor, except as follows (specify):**

19         No exceptions.

20         **8.**      **Salvato Boufadel is not and was not, within 2 years before the date of**

21    **the filing of the petition, a director, officer or employee of the Debtor.**

22         No exceptions.

23         **9.**      **Salvato Boufadel does not have an interest materially adverse to the**

24    **interest of the estate or of any class of creditors or equity security holders, by reason**

25    **of any direct or indirect relationship to, connection with, or interest in, the Debtor,**

26    **or for any other reason, except as follows (specify):**

27         No exceptions.

Salvato Boufadel
LLP    28

10.     **Name, address and telephone number of the person signing this Statement on behalf of Salvato Boufadel and the relationship of such person to the Salvato Boufadel (specify):**

> MISTY PERRY ISAACSON (through PC)
> Misty@salvatoboufadel.com
> SALVATO BOUFADEL LLP
> 505 N. Tustin Avenue, Suite 282
> Santa Ana, California 92705
> Telephone: (213) 484-8400

11.     **Salvato Boufadel is not a relative or employee of the United States trustee or a bankruptcy judge, except as follows (specify):**

No exceptions.

After conducting or supervising the investigation described in paragraph 7 above, I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct except that I declare that paragraphs 6 through 9 are stated on information and belief. Executed on November 24, 2025.

> */s/ Misty Perry Isaacson*
> _____
> Misty Perry Isaacson

**Exhibits Attached to Declaration of Misty Perry Isaacson:**

**Exhibit 1**    Resume of Salvato Boufadel LLP

**Exhibit 2**    Reimbursable Expenses

Salvato Boufadel
LLP

Application to Employ Salvato Boufadel LLP as
Bankruptcy Counsel for the Debtor
-16-
*In re Lordon Enterprises, Inc.*
Chapter 11 Case No.2:25-bk-19832-BR

# EXHIBIT 1

# EXHIBIT 1

Exhibit 1



## SB SALVATO | BOUFADEL
### BUSINESS LITIGATION · BANKRUPTCY · REAL ESTATE

Home / Attorneys / Practice Areas / Firm News / Contact

# Gregory M. Salvato

Managing Partner | 213.484.8400 | Email

**Selected as Southern California "Super Lawyer" from 2005 to present**

**AV Preeminent Rating**

**BAR & COURT ADMISSIONS**

**State Bar of California, 1986**

**All U.S. District Courts in California**

**U.S. Court of Appeals for the Ninth Circuit**

**Gregory M. Salvato** specializes in business litigation in State and Federal Courts, bankruptcy and related matters. Mr. Salvato has litigated matters in the Bankruptcy or Federal District courts in Arizona, Colorado, Connecticut, Delaware, Florida, Nevada, New Jersey, New York, Ohio, Virginia, and Texas, and before the California Courts of Appeal, Bankruptcy Appellate Panel and Ninth Circuit Court of Appeals.

Mr. Salvato has been a Bankruptcy Specialist since 2002, certified by the California Board of Legal Specialization, State Bar of California.  Mr. Salvato is the former chair of the Bankruptcy Law Advisory Commission of the State Bar of California. He is Martindale-Hubbell A-V rated, and Los Angeles Magazine named him a "Southern California Super Lawyer" from 2004 through 2017.

Mr. Salvato is a member of the Los Angeles County Bar Association's sections on Commercial Law and Bankruptcy, Litigation, and Remedies (Chair, 2002-2003), the Italian American Lawyers Association (Board of Trustees), Association of Business Trial Lawyers, Los Angeles Bankruptcy Forum, Orange County Bankruptcy Forum, California Bankruptcy Forum, Financial Lawyers Conference, American Bankruptcy Institute, and American Bar Association.

In 2010, Mr. Salvato was the founding member of Salvato Law Offices. Prior to starting Salvato Law Offices, Mr. Salvato was a shareholder in the Los Angeles law firm of Parker, Milliken, Clark, O'Hara & Samuelian, APC, from 1993 to 2010. Mr. Salvato began his legal practice at Gibson, Dunn & Crutcher, LLP where he was an associate from 1987 to 1993.   He clerked for Senior United States District Judge Francis C. Whelan, Central District of California, from 1986 to 1987.

He received his B.A. *magna cum laude* in 1976 from Claremont McKenna College in Claremont, California, and his J.D. in 1986 from Loyola Law School, Los Angeles, California, where he was the Chief Articles Editor of the Loyola of Los Angeles Law Review.

### Notable Appellate Victories

- ***Helix Media LLC v. Natalie Clark et al.,* California Court of Appeal, Second Appellate District, Appeal No. B315990 (November 17, 2022)** – Successful defense of appeal. The California Court of Appeal affirmed the Superior Court's order denying defendants' anti-SLAPP motion, finding that defendants did not meet their burden of demonstrating the

Exhibit 1

conduct forming the basis of the underlying complaint involved protected activity within the meaning of California Code of Civil Procedure § 425.16. The litigation privilege did not apply to protect defendants' purported prelitigation communication.

- ***Hou You Liang, etc. v. DiJulio Law Group***, **9th Cir. BAP Appeal No. 20-1230 (April 2, 2021)** – Protected client's $600,000+ administrative claim from attack before Bankruptcy Court and Bankruptcy Appellate Panel. Appeal was dismissed for lack of jurisdiction based on successful motion to dismiss appeal.

- ***Asset Management Holdings, LLC v. Aleli A. Hernandez***, **9th Cir. BAP Appeal No. 19-1013 (October 8, 2019)** - Ninth Circuit Bankruptcy Appellate Panel affirms client's objection to lender's claim in Chapter 13, holding that the unsecured claim resulting from successful lien avoidance was wiped out by prior Chapter 7 discharge.

- ***In re Kathie E. Suissa and Elvis D. Suissa | Diane C. Weil v. Kathie E. Suissa***, **District Court Appeal No. LA CV18-08785 JAK (July 5, 2019)** - District Court affirmed Bankruptcy Court's order granting motion for relief from the automatic stay under Bankruptcy Code § 362; state court action may proceed; no automatic stay reimposed by reopening bankruptcy case; preliminary determination affirmed that real property was not "property of the estate" at the time of the original bankruptcy filing.

- ***Asset Management Holdings, LLC v. Aleli A. Hernandez***, **9th Cir. Appeal No. 17-60044 (February 25, 2019)** - The Ninth Circuit Court of Appeals affirmed the Bankruptcy Appellate Panel and the Bankruptcy Court's orders determining that SLO's client was eligible for Chapter 13 relief under Bankruptcy Code § 109(e), and finding that the bankruptcy petition was filed in good faith.

- ***Asset Management Holdings, LLC v. Aleli A. Hernandez***, **BAP No. CC-16-1228 (BAP 9th Cir. Apr. 11, 2017)** - The Bankruptcy Appellate Panel affirmed the Bankruptcy Court's Orders confirming the debtor's Chapter 13 Plan and denying the lienholder's motion to dismiss on eligibility grounds under Bankruptcy Code § 109(e).

- ***Hai Lecong v. Ashley Tran***, **9th Cir. Appeal No. 15-60039 (February 13, 2017)** - The Ninth Circuit Court of Appeals affirmed the Bankruptcy Court's Order granting summary judgment, determining that a state court judgment in favor of our client was excepted from the debtor's discharge under Bankruptcy Code § 523(a)(2) based upon the doctrine of issue preclusion.

- ***Dhawan v. Biring***, **241 Cal.App.4th 963 (Cal. App. 2d Dist. 2015)** - The California Court of Appeal affirmed the Los Angeles Superior Court's Order vacating and setting aside a $3,200,000 default judgment-- entered more than seven years earlier--where the judgment was void and subject to collateral attack at any time in accordance with California Code of Civil Procedure §§ 473(d) and 580.

- ***In re First T.D. & Investments, Inc.*** **(*Neilson v. Chang*)**, **253 F.3d 520 (9th Cir. 2001)** - In reversing the District Court, the Ninth Circuit held that California Business and Professions Code § 10233.2 applied to an assigned promissory note and deed of trust, deeming the security interests perfected. Therefore, the trustee's avoidance action under Bankruptcy Code § 544 failed.

***In re Cobe*** **(*Smith v. Cobe*)**, **229 B.R. 15 (BAP 9th Cir. 1998)** - The Bankruptcy Appellate Panel affirmed the Bankruptcy Court's grant of summary judgment based on issue preclusion, where summary judgment was conditioned on affirmance of the state court judgment after jury trial by the California Court of Appeal.



Exhibit 1



# SB SALVATO | BOUFADEL
BUSINESS LITIGATION · BANKRUPTCY · REAL ESTATE

Home / Attorneys / Practice Areas / Firm News / Contact

## Misty Perry Isaacson

Of Counsel | Email | (714) 541-6072 ext. 2 or (213) 423-0933

**Certified Specialist in
Bankruptcy Law
State Bar of California
Board of Legal
Specialization**

**Selected as a California
"Super Lawyer"**

### BAR & COURT
### ADMISSIONS

**State Bar of California**

**All U.S. District Courts in
California**

**U.S. Court of Appeals for
the Ninth Circuit**

**Misty Perry Isaacson** focuses her practice on bankruptcy and insolvency matters. She is a Certified Bankruptcy Specialist, certified by the State Bar of California and has over 25 years of experience in bankruptcy matters. She has represented debtors, creditors, chapter 7 and 13 trustees, the United States Trustee, and parties to lawsuits in bankruptcy proceedings.  Ms. Perry Isaacson is admitted to practice before all California Courts, the Central, Southern, Northern, and Eastern Districts of California, and the United States Court of Appeals for the Ninth Circuit.  She has appeared before many of the Bankruptcy Judges in each District and has also successfully briefed and argued matters before the Bankruptcy Appellate Panel, District Court and the Ninth Circuit Court of Appeals.

Ms. Perry Isaacson received her undergraduate degree in political science from California State University, Long Beach in 1993.  She received her law degree from Southwestern University School of Law in 1997. While attending law school, she served as a judicial extern for the Honorable Kathleen P. March, United States Bankruptcy Judge for the Central District of California.

Ms. Perry Isaacson is a dedicated leader in the legal community, devoting countless hours to bar organizations and initiatives that enhance the practice of law. She is the former Chair of the Ninth Circuit Lawyer Representatives Coordinating Committee and the former Co-Chair of the Central District of California Lawyer Representatives. She actively serves as an advisor to the Insolvency Law Committee for the Business Law Section of the State Bar of California and is deeply involved in numerous professional organizations. Ms. Perry Isaacson is a member of the American Bankruptcy Institute, the James T. King Bankruptcy Inn of Court, and the Orange County Bar Association's Commercial Law and Bankruptcy Section. She also serves on the boards of the Orange County Bankruptcy Forum and the San Diego Bankruptcy Forum and is a Past President of the Inland Empire Bankruptcy Forum. Through her leadership and commitment, she continually works to strengthen the legal profession and support the broader community.

### Publications

- California Lawyers Association, Insolvency Law Committee of the Business Law Section Judicial Profile of United States Bankruptcy Judge Magdalena Reyes Bordeaux (October 1, 2025)

- *Betting on Bankruptcy: The Dischargeability of Gambling Debts in the Online Sports Era, Vol 75-2,* Riverside Lawyer Mag. 6 (February 2025)

- California Lawyers Association, Insolvency Law Committee of the Business Law Section Judicial Profile of Chief Bankruptcy Judge of the Central District of California Theodor C. Albert (February 12, 2025)

Exhibit 1

- *Harnessing Artificial Intelligence in Your Practice,* Vol 76.6, Riverside Lawyer Mag. 16 (September 2024).

- *Siegel v. Fitzgerald: U.S. Trustee's Fees and the Uniformity Requirement of the U.S. Constitution's Bankruptcy Clause, Vol 73-7,* Riverside Lawyer Mag. 6 (July/August 2023)

- California Lawyers Association, Insolvency Law Committee of the Business Law Section Judicial Profile of United States Bankruptcy Judge Margaret M. Mann (February 21, 2020)

- California Lawyers Association, Insolvency Law Committee of the Business Law Section, E-bulletin summary re: *McCann v. Wichita (In re Patmont Motor Werks, Inc.)* BAP Case Nos. NV-17-1221-BTaL, NV-17-1228 (9th Cir. 2018) (Bankruptcy Court abused its discretion in granting a request for attorney's fees incurred in opposing a Rule 60(b) motion) (September 20, 2019)

- California Lawyers Association, Business Law Section Judicial Profile of United States Magistrate Judge Mitchel D. Dembin (July 10, 2019)

- California Lawyers Association, Insolvency Law Committee of the Business Law Section Judicial Profile of United States Bankruptcy Judge Scott C. Clarkson (April 2, 2019)

- California Lawyers Association, Business Law Section Judicial Profile of United States Magistrate Judge Autumn D. Spaeth (March 20, 2019)

- California Lawyers Association, Insolvency Law Committee of the Business Law Section, E-bulletin Summary re: In *re Jorge Serrato*, Chapter 13 Case No. 6:15-bk-18945-MJ (Bankr. C.D. Cal Dec. 27, 2017) (Homeowner Association's right to collect reasonable post-petition fees and costs) (December 7, 2018)

## Speaking Engagements

- *Bankruptcy Practice Without Pitfalls: Navigating Ethics, Fees, Tech, and Reporting Duties* – Central District Consumer Bankruptcy Attorneys Association (2025)

- *Ethical Landmines in Bankruptcy: Avoiding Conflicts of Interest* – California Lawyers Association (2025)

- *The Rise of AI in Bankruptcy: Practical Uses, Pitfalls and the Road Ahead* – Conference of Chief Bankruptcy Judges (2025)

- *And if You're Really Hip, the Passing Years Will Show: Technology in the Practice of Law* – Federal Bar Association (2024)

- *Civility in Bankruptcy Courts: Heaven and Hellfire:* - Federal Bar Association (2024)

- *Legal Issues and Ethical Concerns with No Money Down Bankruptcy Cases* – Orange County Bar Association (2024)

- *The Impact Zone of Probate Law and Bankruptcy* – California Bankruptcy Forum (2024)

- *Unauthorized Bankruptcy Filings: Key Issues and Approaches* – Orange County Bar Association (2024)

- *Practically Speaking about Student Loans: A Hands-On Program Providing Practical Guidance in Obtaining a Student Loan Discharge* (Moderator) – San Diego Bankruptcy Forum (2024)

- *The Sharing, Splitting, Unbundling, Factoring, Financing, Bifurcation and Disclosure of Debtor's Attorney's Fees: Ethical Ramifications and What you Need to Know* – American Bankruptcy Institute (2023)

- *Exploring Racial Disparities and Bias in Bankruptcy Cases* – Inland Empire Bankruptcy Forum (2023)

- *Interview of Supreme Court Justice Elena Kagan* – Ninth Circuit Judicial Conference (2023)

- *Bankruptcy Appeals: Tips and Tricks* – San Diego Bankruptcy Forum (2023)

- *Evidence Strikes Back* – Inland Empire Bankruptcy Forum (2023)

- *Taxpayers Experiencing Hardship: How to Best Represent them Before the IRS* – ABA Tax Section (2022)

- *Updates for the Chapter 13 Practitioner* – Central District Consumer Bankruptcy Attorney Association (2022)

Exhibit 1

- *Beware of What you Ask for – The Absolute, but Qualified Right to Dismiss a Chapter 13 Case* – American Bankruptcy Institute Battleground West (2022)

- *Leaving Your Attorney Legacy: Ethical Consideration in Mentoring and Succession Planning* – Federal Bar Association, Los Angeles Chapter (2021)

- Sixth Annual Consumer Bankruptcy Law Update – Orange County Bar Association (2021)

- *Bankruptcy Basics* – Concordia University Irvine, Guest Lecturer for MBA Course in in Business Law (2021)

- *Pros and Cons of Filing a Chapter 7 for a Business Entity and Alternatives (ABCs, Receiverships, Etc.)* – Inland Empire Bankruptcy Forum (2021)

- *Business Bankruptcy Issues During the Pandemic* – District Courts of Guam and the Northern Mariana Islands with the Guam and CNMI Bar Associations (2020)

- *Businesses in Distress in the Covid-19 Era* - Vietnamese American Bar Association of Southern California & Vietnamese American Chamber of Commerce (2020)

## Notable Appellate Decisions

- *In re Kronemyer*, 405 B.R. 915 (B.A.P. 9th Cir. 2009)

- *Cohen v. Tran* (*In re Tran*), 309 B.R. 330 (BAP 9th Cir. 2004)

- *Soderlund v. Cohen* (*In re Soderlund*) 236 BR 271 (BAP 9th Cir. 1999)



Salvato Boufadel LLP | Los Angeles & Santa Ana, California | (213) 484-8400

Copyright © 2025 Salvato Boufadel LLP. All Rights Reserved. Disclaimer.

Exhibit 1

# SALVATO | BOUFADEL
### BUSINESS LITIGATION · BANKRUPTCY · REAL ESTATE

Home / Attorneys / Practice Areas / Firm News / Contact



# Joseph Boufadel

Partner | (213) 423-0931 | Email | LinkedIn

**Certified Specialist in Bankruptcy Law**
**State Bar of California Board of Legal Specialization**

**Selected to and Recognized as a "Super Lawyer" in Business Litigation**

**Recognized in 2024 by the American Bankruptcy Institute (ABI) as one of the "40 Under 40" Emerging Leaders in Insolvency Practice**

## BAR & COURT ADMISSIONS

**State Bar of California**

**All U.S. District Courts in California**

**U.S. Court of Appeals for the Ninth Circuit**

**Joseph Boufadel** is a Certified Specialist in Bankruptcy Law from the State Bar of California, Board of Legal Specialization, whose practice focuses on business and bankruptcy litigation with an emphasis on creditors' rights and remedies. While Mr. Boufadel handles all aspects of his litigation and appellate practice, clients reliably turn to him for their business disputes in both state and federal court.

Mr. Boufadel has successfully represented clients in matters involving fraudulent transfers and breaches of fiduciary duty, corporate-business disputes, business divorces, and various insolvency matters (Chapter 7, 11 & 13) including avoidance, preference, lien priority, and non-dischargeability actions. Mr. Boufadel has briefed and argued appeals before the Ninth Circuit Court of Appeals, Ninth Circuit Bankruptcy Appellate Panel, United States District Court, and California Court of Appeal.

Representative matters include successfully vacating a $3,200,000 judgment, and defending the order setting aside the judgment on appeal in a published decision; confirming a Chapter 11 plan of reorganization (under Subchapter V), assisting a healthcare related business successfully reorganize; successfully defending against equitable subordination and contractual claims in bankruptcy court resulting in a significant award of attorney's fees on behalf of a debtor-defendants; and successfully defending confirmation of a debtor's Chapter 13 plan and denial of motion to dismiss on bad-faith and eligibility grounds before the Ninth Circuit.

Mr. Boufadel received his law degree from the University of California, Davis School of Law. He served as a judicial extern for the Honorable Mitchel R. Goldberg, United States Bankruptcy Court for the Central District of California. Prior to attending King Hall, Mr. Boufadel received a B.A., *magna cum laude*, in Political Science, and a B.A., *magna cum laude*, in Criminology, Law and Society from the University of California, Irvine.

## Professional Involvement

- Executive Committee Member, Vice Chair of Member Services for the Business Law Section of the California Lawyer's Association
- Member of the Board of Directors, Los Angeles Chapter of the Federal Bar Association (2016 to present)
- Co-Chair of the Insolvency Law Committee for the Business Law Section of the California Lawyers Association (2023 to 2024)



Exhibit 1

- Co-Vice Chair, Insolvency Law Committee for the Business Law Section of the California Lawyers Association (2022 to 2023)

- Co-Chair of Education Subcommittee, Insolvency Law Committee for the Business Law Section of the California Lawyers Association (2020 to 2021)

- Member, Insolvency Law Committee for the Business Law Section of the California Lawyers Association (2019 to present)

- Member of Working Group for the California State Bar, Board of Legal Specialization and its Exam Development Program

- Commissioner of the Bankruptcy Law Advisory Commission, California State Bar, Board of Legal Specialization (2017 to 2019 term)

- Federal Bar Association

- American Bankruptcy Institute

- California Bankruptcy Forum

- Los Angeles Bankruptcy Forum

- Orange County Bankruptcy Forum

- Central District Consumer Bankruptcy Attorneys Association

- ProVisors, a national network of trusted advisors

### Notable Appellate Victories

- ***Chiu v. Wu***, **2024 Cal. App. Unpub. LEXIS 1452, California Court of Appeal, Sixth Appellate District (March 6, 2024)** – Successful reversal of trial court order setting aside judgment and vacating accepted § 998 offer.  The Court of Appeal reversed the trial court with instructions to enter judgment in favor of client. The trial court abused its discretion and improperly concluded that the § 998 offer was invalid because it called for dismissal with prejudice instead of entry of judgment, and further erred by not entering judgment in favor of client for $350,000. The appellate court held that a dismissal of an action with prejudice is equivalent to a final disposition of the action.

- ***Helix Media LLC v. Natalie Clark et al.,*** **California Court of Appeal, Second Appellate District, Appeal No. B315990 (November 17, 2022)** – Successful defense of appeal. The California Court of Appeal affirmed the Superior Court's order denying defendants' anti-SLAPP motion, finding that defendants did not meet their burden of demonstrating the conduct forming the basis of the underlying complaint involved protected activity within the meaning of California Code of Civil Procedure § 425.16. The litigation privilege did not apply to protect defendants' purported prelitigation communication.

- ***Hou You Liang, etc. v. DiJulio Law Group***, **9th Cir. BAP Appeal No. 20-1230 (April 2, 2021)** – Protected client's $600,000+ administrative claim from attack before Bankruptcy Court and Bankruptcy Appellate Panel. Appeal was dismissed for lack of jurisdiction based on successful motion to dismiss appeal.

- ***Asset Management Holdings, LLC v. Aleli A. Hernandez,*** **9th Cir. BAP Appeal No. 19-1013 (October 8, 2019)** - Ninth Circuit Bankruptcy Appellate Panel affirms client's objection to lender's claim in Chapter 13, holding that the unsecured claim resulting from successful lien avoidance was wiped out by prior Chapter 7 discharge.

- ***In re Kathie E. Suissa and Elvis D. Suissa*** | ***Diane C. Weil v. Kathie E. Suiss***a, **District Court Appeal No. LA CV18-08785 JAK (July 5, 2019)** - District Court affirmed Bankruptcy Court's order granting motion for relief from the automatic stay under Bankruptcy Code § 362; state court action may proceed; no automatic stay reimposed by reopening bankruptcy case; preliminary determination affirmed that real property was not "property of the estate" at the time of the original bankruptcy filing.

- ***Asset Management Holdings, LLC v. Aleli A. Hernandez,*** **9th Cir. Appeal No. 17-60044 (February 25, 2019)** - The Ninth Circuit Court of Appeals affirmed the Bankruptcy Appellate Panel and the Bankruptcy Court's orders determining that SLO's client was eligible for Chapter 13 relief under Bankruptcy Code § 109(e), and finding that the bankruptcy petition was filed in good faith.

- ***Asset Management Holdings, LLC v. Aleli A. Hernandez***, **BAP No. CC-16-1228 (BAP 9th Cir. Apr. 11, 2017)** - The Bankruptcy Appellate Panel affirmed the Bankruptcy Court's Orders confirming the debtor's Chapter 13 Plan and denying the lienholder's motion to dismiss on eligibility grounds under Bankruptcy Code § 109(e).

Exhibit 1

- ***Hai Lecong v. Ashley Tran*, 9th Cir. Appeal No. 08-60035 (February 13, 2013)** - The Ninth Circuit Court of Appeals affirmed the Bankruptcy Court's Order granting summary judgment, determining that a state court judgment in favor of our client was excepted from the debtor's discharge under Bankruptcy Code § 523(a)(2) based upon the doctrine of issue preclusion.

- ***Dhawan v. Biring*, 241 Cal.App.4th 963 (Cal. App. 2d Dist. 2015)** - The California Court of Appeal affirmed the Los Angeles Superior Court's Order vacating and setting aside a $3,200,000 default judgment-- entered more than seven years earlier--where the judgment was void and subject to collateral attack at any time in accordance with California Code of Civil Procedure §§ 473(d) and 580.

## Articles, Presentations, and Speaking Engagements

- Conference Chair & Producer, Federal Bar Association's (Los Angeles Chapter) Annual Bankruptcy Ethics Symposium (2015, 2016, 2017, 2018, 2019, 2020, 2021, 2022, 2023)

- Producer, *Litigation Funding in Bankruptcy Cases: How to Get it & Potential Pitfalls*, California Lawyer's Association, Insolvency Law Committee (October 21, 2021)

- Producer, *Judges' Roundtable*, California Bankruptcy Forum, 33rd Annual Insolvency Conference (May 14, 2021)

- Moderator and Producer, "Recovering Attorney's Fees in Bankruptcy Litigation," co-hosted by the Insolvency Law Committee of the Business Law Section of the California Lawyers Association and the Los Angeles County Bar Association (July 10, 2020)

- Producer, "Avoiding Black Holes: A Hitchhiker's Guide to the Debtor's Pursuit of an Award of Attorney's Fees," California Bankruptcy Forum, 31st Annual Insolvency Conference (May 2019)

- Author, "There and Back Again: Perspectives on Practicing Law While Parenting" (American Bankruptcy Institute Journal, December 2017)

## Published E-Bulletins - Insolvency Law Committee

- *In re Harang,* 634 B.R. 731 (6th Cir. BAP 2021) - The Bankruptcy Appellate Panel for the Sixth Circuit held that a bankruptcy court has the authority to impose conditions and incorporate prior factual findings in a dismissal order on a plaintiff's voluntary motion to dismiss with prejudice an adversary proceeding under Rule 41 of the Federal Rules of Civil Procedure.

- *Yoon v. Cam IX Tr.,* 60 Cal.App.5th 388 (2021) - "In a lawsuit contesting the foreclosure of a borrower's home, the California Court of Appeal held that defendants were entitled to their reasonable attorney's fees and costs in successfully defending against the borrower's tort claims pursuant to Civil Code § 1717." E-Bulletin, Insolvency Law Committee - Business Law Section of the California Lawyers Association (July 6, 2021)

- "The litigation privilege does not insulate a properly alleged fraudulent transfer action (UVTA) because the focus of the action is on the transfer, not the sham dissolution proceeding and actions taken in that proceeding to provide legal cover for the transfer." E-Bulletin, Insolvency Law Committee - Business Law Section of the California Lawyers Association (March 8, 2021)

- "BAP resolves split of authority regarding 'chapter 20' cases and disallows unsecured claim of lien-stripped creditor,. E-Bulletin, Insolvency Law Committee - Business Law Section of the California Lawyers Association (March 2020)

- "Ninth Circuit BAP holds that a lender's claim is unsecured because the Debtor-borrower had no direct ownership interest in the property she purported to pledge as collateral for the related loan," e-Bulletin, Insolvency Law Committee - Business Law Section of the California Lawyers Association (March 2020)

Exhibit 1



## <u>2025 RATES FOR REIMBURSEMENT OF EXPENSES</u>

Mileage ................................................................IRS rate for business use

Print & Photocopy (Black &White) ..........................................$0.20 per page

Print & Photocopy (Color) ......................................................$1.00 per page

Arbitration/Mediation ................................................... Actual Cost

Attorney Service................................................................ Actual Cost

Computer Assisted Research ....................................... Actual Cost

Conference Calls ............................................................ Actual Cost

Court Reporter.................................................................. Actual Cost

Deposition/Witness Fees ............................................... Actual Cost

E-Discovery Services....................................................... Actual Cost

Filing Fees ....................................................................... Actual Cost

Messengers ..................................................................... Actual Cost

Overnight Mail ................................................................ Actual Cost

Parking.............................................................................. Actual Cost

Postage.............................................................................. Actual Cost

Transcripts ....................................................................... Actual Cost

Travel ............................................................................... Actual Cost

Exhibit 2

Exhibit 2

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
**505 N. Tustin Ave., Suite 282, Santa Ana, CA 92705**

A true and correct copy of the foregoing document entitled (*specify*): **Notice of Application and Application of Debtor-in-Possession to Employ Salvato Boufadel LLP as General Bankruptcy Counsel; Declaration of Misty Perry Isaacson, Esq. and Statement of Disinterestedness** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **11/24/2025**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **Steven T Gubner**    sgubner@bg.law, ecf@bg.law
- **Ron Maroko**    ron.maroko@usdoj.gov
- **Robert S McWhorter**    rmcwhorter@buchalter.com, asmith@buchalter.com;dpowers@buchalter.com
- **United States Trustee (LA)**    ustpregion16.la.ecf@usdoj.gov

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 11/24/2025 | Misty Perry Isaacson | **/s/ Misty Perry Isaacson** |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                        **F 9013-3.1.PROOF.SERVICE**

UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
LOS ANGELES DIVISION

IN RE:

LORDON ENTERPRISES, INC

CASE NO: 2:25-BK-19832-BR

**DECLARATION OF MAILING
CERTIFICATE OF SERVICE**

Chapter: 11

On 11/24/2025, I did cause a copy of the following documents, described below,

Notice of Application and Application of Debtor in Possession to Employ Salvato Boufadel LLP as General Bankruptcy Counsel; Declaration of Misty Perry Isaacson, Esq. and Statement of Disinterestedness

to be served for delivery by the United States Postal Service, via First Class United States Mail, postage prepaid, with sufficient postage thereon to the parties listed on the mailing list exhibit, a copy of which is attached hereto and incorporated as if fully set forth herein.

I caused these documents to be served by utilizing the services of BK Attorney Services, LLC d/b/a certificateofservice. com, an Approved Bankruptcy Notice Provider authorized by the United States Courts Administrative Office, pursuant to Fed.R.Bankr.P. 9001(9) and 2002(g)(4).  A copy of the declaration of service is attached hereto and incorporated as if fully set forth herein.

Parties who are participants in the Courts Electronic Noticing System ("NEF"), if any, were denoted as having been served electronically with the documents described herein per the ECF/PACER system.

DATED: 11/24/2025

/s/ Misty Perry Isaacson
Misty Perry Isaacson  193204
Attorney for Debtor
Salvato Boufadel, LLP
505 N. Tustin Avenue, Suite 282
Santa Ana, CA 92705
213-484-8400
misty@salvatoboufadel.com

UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
LOS ANGELES DIVISION

IN RE:                                                CASE NO: 2:25-BK-19832-BR

LORDON ENTERPRISES, INC                  **CERTIFICATE OF SERVICE
                                                       DECLARATION OF MAILING**

                                                       Chapter: 11

On 11/24/2025, a copy of the following documents, described below,

Notice of Application and Application of Debtor in Possession to Employ Salvato Boufadel LLP as General Bankruptcy
Counsel; Declaration of Misty Perry Isaacson, Esq. and Statement of Disinterestedness

were deposited for delivery by the United States Postal Service, via First Class United States Mail, postage prepaid, with sufficient
postage thereon to the parties listed on the mailing list exhibit, a copy of which is attached hereto and incorporated as if fully set forth
herein.

The undersigned does hereby declare under penalty of perjury of the laws of the United States that I have served the above
referenced document(s) on the mailing list attached hereto in the manner shown and prepared the Declaration of Certificate of
Service and that it is true and correct to the best of my knowledge, information, and belief.

DATED: 11/24/2025

Miles Wood
BK Attorney Services, LLC
d/b/a certificateofservice.com, for
Misty Perry Isaacson
Salvato Boufadel, LLP
505 N. Tustin Avenue, Suite 282
Santa Ana, CA  92705

**(The following pages contain parties served via First Class USPS Mail Service unless stated otherwise.)**

CASE INFO

 LABEL MATRIX FOR LOCAL NOTICING
NCRS ADDRESS DOWNLOAD
CASE 225-BK-19832-BR
CENTRAL DISTRICT OF CALIFORNIA
MON NOV 24 8-0-31 PST 2025

~~EXCLUDE~~

~~(U)SUNWEST BANK~~

ALISON ARNOLD
508 OCEAN DR
OXNARD  CA 93035-4640

AMERICAN SOLUTIONS FOR BUSINESS
8479 SOLUTIONS CTR
CHICAGO  IL 60677-8004

ASHLEY BOARDMAN
354 E ALGROVE ST
COVINA  CA 91723-2608

BETHANY ALVARDO
152 N VISTA BONITA AVE APT 5
COVINA  CA 91722

CENTRAL COMMUNICATIONS
PO BOX 95117
CHICAGO  IL 60694-5117

CHYANNE RODRIQUEZ
1735 E FRANCISQUITO AVE APT 18
WEST COVINA  CA 91791-3865

DG LLC CENTER COURT
1875 RANCHO TUJUNGA
COVINA  CA 91724-3546

~~EXCLUDE~~

~~(U)COURTESY NEF~~

~~EXCLUDE~~

~~LOS ANGELES DIVISION~~
~~255 EAST TEMPLE STREET~~
~~LOS ANGELES  CA 90012-3332~~

ALLY EBERHARD
585 E WASHINGTON BLVD APT 7
PASADENA  CA 91104-2221

AMY CRISTIANO
19 RISING HILL RD
POMONA  CA 91766-4960

AUDREY FAUCETTA
8762 CANDLEWOOD ST
RCH CUCAMONGA  CA 91730-1125

CANNON FINANCIAL SERVICE
14904 COLLECTION CENTER DR
CHICAGO  IL 60693-0149

CHRISTINA GEORGE
2195 SCENIC RIDGE DR
CHINO HILLS  CA 91709-1008

CITI CARDS
PO BOX 790046
SAINT LOUIS  MO 63179-0046

DJ SKY PARK  LLC
1230 COLUMBIA ST SUITE 1120
SAN DIEGO  CA 92101-8536

DEBTOR

LORDON ENTERPRISES  INC
1275 CENTER COURT DR
COVINA  CA 91724-3602

ALEX TRONCOSO
360 E ORLANDO WAY APT N
COVINA  CA 91723-3008

AMBER MCGEACHY
1220 W SAN BERNARDINO RD APT 134
COVINA  CA 91722-3563

ANDRIANA RAMIREZ
CO THE WESTMORELAND FIRM PC
609 DEEP VALLEY DR STE 200
PALOS VERDES PENINSULA  CA 90274-3614

BMW BANK OF NORTH AMERICA
PO BOX 78066
PHOENIX  AZ 85062-8066

CARMEN GONZALEZ
4817 N BONNIE COVE AVE
COVINA  CA 91724-1648

CHRISTINA SALGADO
4637 N TRUJILLO DR
COVINA  CA 91722-2444

COX BUSINESS
PO BOX 1259
OAKS  PA 19456-1259

DANIELLE LAPENA
2210 CANTERBURY LN
LA HABRA  CA 90631-6315

DARELYN KAUFMAN
1630 W COVINA BLVD SPC 57
SAN DIMAS  CA 91773-3426

DEBRA GUZMAN
2256 LA SIERRA WAY
CLAREMONT  CA 91711-1510

DEBRA WEBB
1749 W HOLT AVE UNIT 103
POMONA  CA 91768-3370

DELANA LOPEZ
133 N LARK ELLEN AVE
WEST COVINA  CA 91791-1324

DENIS WILKINS
807 DOROTHEA RD
LA HABRA  CA 90631-8109

DEXELL  INC
5962 LA PLACE CT
CARLSBAD  CA 92008-8807

DEZIREE AREVALA
19550 E CIENEGA AVE APT 4
COVINA  CA 91724-4001

DIANE CISNEROS
2526 DEICO AVE
S EL MONTE  CA 91733-2138

DIANNE CONTRERAS
1108 S GLENVIEW RD
WEST COVINA  CA 91791-3523

DONDRA ANTONI
10832 RED BLUFF RD
VENTURA  CA 93004-3437

DONNIE MULDROW
CO IKE RIC ORJIAKOR
15260 VENTURA BLVD STE 1200
SHERMAN OAKS  CA 91403-5347

EYDA CARDENAS
924 E RANCHCREEK RD
COVINA  CA 91724-3651

EYE MED
4000 LUXOTTICA PL
MASON  OH 45040-8114

FAITH CAMPERSON
2170 SONORA ST
POMONA  CA 91767-2413

FIRST LEGAL NETWORK
PO BOX 745087
LOS ANGELES  CA 900745087

FRANCESCA SANCHEZ
622 E PUENTE ST
COVINA  CA 91723-2824

GMSR
6420 WILSHIRE BLVD STE 1100
LOS ANGELES  CA 90048-5555

GAIL DIAZ DE SARKISIAN
280 N OAKLAND AVE
PASADENA  CA 91101-8600

GOLF PROJECTS LINDERO  INC
CO GARY SALOMONS  ESQ
4558 SHERMAN OAKS AVE
SHERMAN OAKS  CA 91403-3060

GUADALUPE RUBALCAVA
326 S BACKTON AVE
LA PUENTE  CA 91744-5702

ICW GROUP
PO BOX 31001
PASADENA  CA 91110-3421

ISABELLA TASHCHIAN
14817 FOOTHILL BLVD APT 2148
FONTANA  CA 92335-0712

JANE FREEMAN
7101 YARMOUTH AVE
RESEDA  CA 91335-4835

JASMINE CASTRO
16823 E FRANCISQUITO AVE
WEST COVINA  CA 91790-5413

JENNIFER BRYANT
1205 CYPRESS ST SPC 215
SAN DIMAS  CA 91773-3525

JENNIFER BRYANT
16255 E CYPRESS ST
COVINA  CA 91722-2321

JENNIFER SCHWARTZ
1205 CYPRESS ST SPC 215
SAN DIMAS  CA 91773-3525

JESSICA RUIZ
1735 E FRANCISQUITO AVE APT 7
WEST COVINA  CA 91791-3864

JOANNE YOUNG
380 CAHUENGA DR
OXNARD CA 93035-4405

JOY BIO
358 TOWNSITE PROMENADE APT 205
CAMARILLO  CA 93010-7879

KAISER FOUNDATION
PO BOX 741562
LOS ANGELES  CA 90074-1567

KARINA ALMEIDA
3685 N WOODHURST DR
COVINA  CA 91724-3367

KARISSA HARDY
434 SANTA CRUZ CIR
PORT HUENEME  CA 93041-3040

KRISTINE CONCEPCION
1441 PASO REAL AVE SPC 200
ROWLAND HGHTS  CA 91748-2157

KRUSCHEN  DOUGLAS
PO BOX 465
MSC F5D9T3B7X4K
AGOURA HILLS  CA 91376  CA 91376-0465

LELIANIE QUERUBIN
261 W STROUBE ST
OXNARD  CA 93036-1227

~~EXCLUDE~~
~~TELECFORM ENTERPRISES  INC~~
~~1275 CENTER COURT DR~~
~~COVINA  CA 91724-3602~~

~~EXCLUDE~~
~~MEI LAW  PC~~
~~505 N TUSTIN AVE STE 202~~
~~SANTA ANA  CA 92705-3713~~

MADISON BAUER
1870 RANCHO TUJUNGA DR
COVINA  CA 91724-3545

MELISSA LARIOS
3228 FRAZIER ST APT C
BALDWIN PARK  CA 91706-4648

MICHELLE SOTO
2142 S SAN ANTONIO AVE
ONTARIO  CA 91762-6355

MIRIAM CLAIRE FEHRING
CO ELLEN LEVIN  ESQ
5955 DE SOTO AVE STE 125
WOODLAND HILLS  CA 91367-5120

NORDSTROM CARD
PO BOX 6555
ENGLEWOOD CO 80155-6555

PACIFIC COURIER
11135 RUSH ST STE A
S EL MONTE  CA 91733-3520

PAN JANITORIAL
PO BOX 4283
LA PUENTE  CA 91747-4283

PAYCHEX
911 PANORAMA TRI S
ROCHESTER  NY 14625-2396

PITNEY BOWES FINANCIAL
27 WATERVIEW DR
SHELTON  CT 06484-4361

PITNEY BOWES PRESORT SERVICES  LLC
10110 I ST
OMAHA  NE 68127-1129

RACHEL KOSCIELNIAK
625 BURDICK DR
POMONA  CA 91768

RAE FRAUSTO
453 FAXINA AVE
LA PUENTE  CA 91744-6167

REBECCA VILLAREAL
662 S J ST
SAN BERNARDINO  CA 92410-2763

ROPAT LP
CO MOONCREST PROP CO
PO BOX 719
CAMARILLO  CA 93011-0719

RUTH GALLARZO
844 SHERIDAN RD
SAN BERNARDINO  CA 92407-4181

SABRINA NAVARRO
20687 AMAR RD APT 2330
WALNUT  CA 91789-5044

SHAYLYN ANDERSON
10855 TERRA VISTA PKWY APT 65
RCH CUCAMONGA  CA 91730-6387

STEPHANEY KNIGHT
10029 S NORWOOD AVE
TULSA  OK 74137-5538

SUNWEST BANK
660 E WATERTOWER ST
MERIDIAN  ID 83642-6286

SUSAN MATSUNE
921 CRYSTAL WATER LN
WALNUT  CA 91789-1465

TAMMY RUSSELL
1331 E THACKERY AVE
WEST COVINA  CA 91790-4345

TAMMY WHITACRE
12263 LA MIRADA BLVD PMB 429
LA MIRADA  CA 90638-1329

US TRUSTEE LOS ANGELES DIVISION
915 WILSHIRE BLVD SUITE 1850
LOS ANGELES  CA 90017-3560

UNITED CONCORDIA DENTAL
PO BOX 31001
PASADENA  CA 91110-0001

UNITED STATES TRUSTEE (LA)
915 WILSHIRE BLVD  SUITE 1850
LOS ANGELES  CA 90017-3560

VERIZON BUSINESS CELL PHONE
PO BOX 489
NEWARK  NJ 07101-0489

VERONICA VILLANUEVA
759 FINE ST
FILLMORE  CA 93015-1318

VIVIAN F YOCHELSON
5955 DE SOTO AVE STE 125
WOODLAND HILLS  CA 91367-5120

WYLLIE ALMEIDA
3977 ARROW WOOD RD
SN BERNRDNO  CA 92407-8962

YULIANA MARIN
1707 BENEDICT WAY
POMONA  CA 91767-3505

YVONNE HERENDEZ
1960 SANTA LUCIA AVE
OXNARD  CA 93030-5504

ZOOM COMMUNICATIONS
55 ALMADEN BLVD  6
SAN JOSE  CA 95113-1612

~~EXCLUDE~~
~~MISTY A PERDY ISAACSON~~
~~MPI LAW  PC~~
~~505 N TUSTIN~~
~~SUITE 282~~
~~SANTA ANA  CA 92705-3712~~