GREGORY M. SALVATO (SBN 126285)
   Gsalvato@salvatoboufadel.com
MISTY PERRY ISAACSON (SBN 193204)
   Misty@salvatoboufadel.com
JOSEPH BOUFADEL (SBN 267312)
   Jboufadel@salvatoboufadel.com
SALVATO BOUFADEL LLP
505 N. Tustin Avenue, Suite 282
Santa Ana, California 92705
Telephone: (213) 484-8400

Proposed General Counsel for
Debtor and Debtor-in-Possession
LORDON ENTERPRISES, INC.

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>LORDON ENTERPRISES, INC.,<br><br>      Debtor and<br>      Debtor-in-Possession. | Case No. 2:25-bk-19832-BR<br><br>Chapter 11<br><br>STIPULATION AUTHORIZING DEBTOR'S CONTINUED USE OF CASH COLLATERAL AND ADEQUATE PROTECTION<br><br>[No Hearing Required] |

This Stipulation for Interim Use of Cash Collateral and Adequate Protection ("Stipulation") is entered into between Lordon Enterprises, Inc. ("Debtor"), Golf Projects Lindero, Inc. ("GPL"), and Sunwest Bank ("Sunwest"), providing for Debtor's interim use of its alleged Cash Collateral.

## RECITALS

A.    Debtor commenced the above captioned chapter 11 case on November 3, 2025, by filing a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Petition Date").

B.    Prior to the Petition Date, on or about August 6, 2018, GPL filed a complaint against the Debtor and others in the Superior Court of California, County of Los Angeles ("LASC"), Case No. LC107621 (the "Litigation").

C.    On or about October 9, 2025, GPL obtained a default judgment against the Debtor in the amount of $14,091,973.60, plus costs in the amount of $14,757.18 (collectively the "Default Judgment").

D.    On or about October 17, 2025, GPL sought the issuance of a writ of execution.

E.    Subsequent to the entry of the Default Judgment, Debtor filed motions seeking to Set Aside and/or Vacate the Default Judgment and for a New Trial ("Post Default Judgment Motions") and was further engaging in settlement discussions with GPL.

F.    On or about October 27, 2025, GPL executed a levy on Debtor's deposit accounts ("Deposit Accounts") that were held with Sunwest. GPL asserts that the levy created an execution lien and/or security interest (the "Execution Lien") in the funds held in the Deposit Accounts (the "Cash Collateral").

G.    Sunwest asserts that under its Deposit Agreement governing the Deposit Accounts, it holds a security interest in the Deposit Accounts for amounts owing to Sunwest and that such security interest is perfected under California Commercial Code sections 9104, 9314 and 9327.

H.    Debtor asserts that the alleged Execution Lien of GPL is a preference pursuant to 11 U.S.C. § 547 and therefore avoidable.

I.    Debtor has requested, and GPL and Sunwest have again consented to the Debtor's interim use of Cash Collateral for purposes described herein. GPL and Sunwest are willing to consent to the interim use of its Cash Collateral subject to the terms and conditions set forth herein.

Salvato Boufadel LLP

Stipulation Authorizing Debtor's Continued Use of Cash Collateral and Adequate Protection     -2-     *In re Lordon Enterprises, Inc., Debtor.* Chapter 11 Case No.2:25-bk-19832-BR

## STIPULATION

1. <u>Recitals</u>.  The parties acknowledge and agree that the foregoing recitals are included solely for purposes of background and context to this Stipulation. The recitals shall not be deemed to constitute admissions by any party and shall not be construed to have independent legal effect except to the extent expressly incorporated into the operative provisions of this Stipulation.

2. <u>Cash Collateral</u>.  For purposes of this Stipulation, Cash Collateral is defined as (i) all the funds held in Debtor's Deposit Accounts existing on the Petition Date, and (ii) any funds that were on or before the Petition Date suspended, withheld, or set aside by the Bank to address any third party levy, attachment or claim, including GPL's levy.

3. <u>Interim Use of Cash Collateral</u>.  Subject to the terms of this Stipulation, Sunwest and GPL consent to the Debtor's interim use of Cash Collateral, existing on the Petition Date through and including January 19, 2026 for payment of ordinary and necessary expenses as set forth in the budget ("Budget") attached hereto as Exhibit 1 to the Stipulation [Doc. No. 10]. The Debtor may deviate from the total operating expenses contained in the Budget by no more than fifteen percent (15%) in the aggregate. For avoidance of doubt, Sunwest shall release, transfer and make available to the Debtor any funds that were suspended, held, or set aside in connection with GPL's levy (the "Suspended Funds"), and any such released funds shall constitute Cash Collateral subject to the terms of this Stipulation. Upon release, Sunwest shall promptly transfer the Suspended Funds to the Debtor's Debtor-in-Possession accounts maintained at California Bank of Commerce, where such funds shall be held and used by the Debtor as Cash Collateral subject to the terms of this Stipulation and any order of the Bankruptcy Court authorizing the Debtor's use of Cash Collateral.  Sunwest shall not apply or offset any portion of such Suspended Funds against any prepetition overdrafts, returned items, or other prepetition obligations (the "Overdraft Funds") owing by the Debtor to Sunwest as of the Petition Date.  The nature, extent, and priority of Sunwest's rights, claims, and interests, if any, with respect to the Overdraft Funds or any prepetition obligations of the

Debtor shall be reserved and subject to further determination by the Bankruptcy Court, notwithstanding any loss possession or control of such Overdraft Funds due to the transfer Debtor's Debtor-in-Possession accounts maintained at California Bank of Commerce. The Bank's perfected security interest shall remain in such transferred funds.

4. <u>Replacement Lien</u>. Pursuant to 11 U.S.C. § 361(2), to the extent the Debtor's use of GPL and Sunwest's Pre-Petition Cash Collateral results in the decrease in the value of GPL and Sunwest's interest, if any, in the Pre-Petition Cash Collateral, GPL and Sunwest is hereby granted a replacement lien (the "Replacement Lien") in and upon the post-petition assets of the Debtor of the same type and to the same extent and priority GPL and Sunwest possessed in the Debtor's assets before the Petition Date (the "Replacement Lien Collateral"). The amount and/or extent of the Replacement Lien shall be limited to the amount of any decrease in the value of GPL and Sunwest's interests in the Pre-Petition Cash Collateral, resulting from the Debtor's use of the Pre-Petition Cash Collateral. To be free of doubt, the Replacement Liens and the Replacement Lien Collateral being granted to GPL and Sunwest under this paragraph shall not include, attach to, act as a lien upon and/or otherwise encumber, claims and/or causes of action, and the proceeds obtained from the prosecution, settlement, compromise and/or other resolution of any such claim and/or cause of action, under Chapter 5 of the Bankruptcy Code (the "Avoidance Actions").

5. <u>Negative Pledge.</u> The Debtor shall not, without court approval, grant a security interest or lien in the Cash Collateral or the Replacement Lien Collateral to any party-in-interest other than GPL and Sunwest.

6. <u>Administrative Claim</u>. Pursuant to Section 507(b) of the Bankruptcy Code, to the extent the Replacement Liens do not adequately protect the diminution of GPL and Sunwest's interests in the Pre-Petition Cash Collateral, suffered as a result of the Debtor's use of the Pre-Petition Cash Collateral, then GPL and Sunwest shall be entitled to an administrative priority pursuant to §507(b) of the Bankruptcy Code in the amount of such diminution (the "Superpriority Administrative Claim"). Without limiting the generality of the preceding sentence, the foregoing treatment and priority are granted as adequate

Salvato Boufadel LLP

Stipulation Authorizing Debtor's Continued Use of Cash Collateral and Adequate Protection    -4-    *In re Lordon Enterprises, Inc., Debtor.*
Chapter 11 Case No.2:25-bk-19832-BR

protection in exchange for Debtor's rights to use GPL and Sunwest's Pre-Petition Cash Collateral for purposes specified in the Budget. Such Superpriority Administrative Claim shall have priority over any other claims of the kind specified in section 507(a) and (b) of the Bankruptcy Code except it shall be of the same priority (and paid *pari passu* if necessary) as amounts owed for only U.S. Trustee fees and shall continue notwithstanding the appointment of a Chapter 11 trustee or to the extent provided by the Bankruptcy Code, the conversion of this case to a case under Chapter 7 of the Bankruptcy Code. Notwithstanding anything in this paragraph 6 to the contrary, the grant or allowance of any Superpriority Administrative Claim to GPL and Sunwest pursuant to Section 507(b) resulting from the Debtor's failure to adequately protect GPL and Sunwest's interests in the Cash Collateral, shall not be paid from, attach to and/or otherwise encumber the Avoidance Actions.

7. <u>No Prejudice to Contest.</u> The recitals, agreements and/or stipulations reached by and between the Debtor, GPL and Sunwest in the Stipulation herein, shall be without prejudice to Debtor, creditors and/or parties-in-interest, to investigate and to prosecute (if such right exists): (i) any contest, dispute, claim, cause of action, objection and/or similar proceeding relating to the validity, priority, amount and/or extent of any claims, security interest and/or liens of GPL and Sunwest against the Debtor and/or its assets, or to otherwise assert any claims, causes of action and/or defenses that may be asserted by the Debtor or its bankruptcy estate, including any claims and/or causes of action under Chapter 5 of the Bankruptcy Code, against GPL and Sunwest arising out of or relating to asserted security interests in the Debtor's Deposit Accounts.

8. <u>Renewal of Use of Cash Collateral</u>.  The Debtor's use of Cash Collateral may be renewed upon subsequent stipulation with GPL and Sunwest or by order of the Court.

9. <u>Payment of Insiders</u>.   Debtor shall not use the Cash Collateral for payment to insiders unless and until the Debtor has satisfied all requirements under the Bankruptcy Code and Local Bankruptcy Rule 2014-1 for payment to insiders.

Salvato Boufadel LLP

Stipulation Authorizing Debtor's Continued Use of Cash Collateral and Adequate Protection     -5-     *In re Lordon Enterprises, Inc., Debtor.* Chapter 11 Case No.2:25-bk-19832-BR

10. <u>Plan or Reorganization</u>.  Debtor shall use its best efforts to diligently seek confirmation of a chapter 11 plan of reorganization.  Sunwest and GPL reserve the right to object to the Debtor's proposed chapter 11 plan of reorganization, and do not waive any rights, claims or interests in the chapter 11 bankruptcy case.

11. <u>Reservation of Rights</u>.  Nothing herein shall be deemed to waive, modify or otherwise impair the respective rights of GPL, Sunwest, or the Debtor, and the Parties expressly reserve all of their respective rights and remedies whether now existing or hereafter arising under equity or law. Nothing in this Stipulation or the grant of a replacement Lien or Superpriority Administrative Claim hereunder shall be deemed and admission by the Debtor as to extent, validity, perfection, or enforceability of any alleged lien, claim, or security interest of GPL or Sunwest.

12. <u>Events of Default and Remedy</u>.  The conversion of dismissal of the Debtor's Chapter 11 case shall constitute an "Event of Default" under this Stipulation and the Order approving the same.  Upon the occurrence of any Event of Default arising under this Stipulation, GPL and Sunwest's consent to the continued use of their Cash Collateral shall automatically terminate without any further action or notice from GPL, Sunwest, or the Bankruptcy Court and GPL and Sunwest shall be free to move for relief from the automatic stay or take such other action as it deems necessary.

13. <u>Binding Effect</u>.  Upon execution by all parties hereto, and further upon the Court's Order approving this Stipulation, the Stipulation shall be effective retroactively as of the Petition Date.

14. <u>Financial Reporting</u>.  Debtor shall timely file all monthly financial information, including but not limited to, monthly operating reports, in accordance with the U.S. Trustee's Guidelines and Requirements for chapter 11 Debtors in Possession.

15. <u>Amendment</u>.  This Stipulation may be amended only by writing signed by or on behalf of GPL, Sunwest, and the Debtor.

16. <u>Counterparts</u>.  This Stipulation may be executed in any number of counterparts, each of which when so executed and delivered shall be an original but all of

Salvato Boufadel LLP

Stipulation Authorizing Debtor's Continued Use
of Cash Collateral and Adequate Protection
-6-
*In re Lordon Enterprises, Inc., Debtor.*
Chapter 11 Case No.2:25-bk-19832-BR

which shall together constitute one and the same agreement. Electronic signatures transmitted by facsimile or email transmission shall be deemed equivalent to original signatures.

17. <u>Retention of Jurisdiction</u>. This Court shall retain jurisdiction to enforce the terms of this Stipulation.

18. <u>Court Approval</u>. This Stipulation is subject to approval by Bankruptcy Court Order.

19. <u>Fees</u>. The Parties will bear their own attorney's fees, costs, and expenses in connection with this Stipulation.

Dated: December 3, 2025

SALVATO BOUFADEL, LLP

/s/ Misty Perry Isaacson

_____

Misty Perry Isaacson, Proposed Attorneys for Lordon Enterprises, Inc.

Dated: December 5, 2025

BG LAW, LLP

_____

Steven T. Gubner,
Jessica Bagdanov
Attorneys for Golf Projects Lindero, Inc.

Dated: December 11, 2025

BUCHALTER

_____

Robert S. McWhorter, Attorneys for Sunwest Bank

Salvato Boufadel LLP

Stipulation Authorizing Debtor's Continued Use of Cash Collateral and Adequate Protection    -7-    *In re Lordon Enterprises, Inc., Debtor.*
Chapter 11 Case No.2:25-bk-19832-BR

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
**505 N. Tustin Ave., Suite 282, Santa Ana, CA 92705**

A true and correct copy of the foregoing document entitled (*specify*): **STIPULATION AUTHORIZING DEBTOR'S CONTINUED USE OF CASH COLLATERAL AND ADEQUATE PROTECTION**) will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **12/11/2025**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **Steven T Gubner**    sgubner@bg.law, ecf@bg.law
- **Ron Maroko**    ron.maroko@usdoj.gov
- **Robert S McWhorter**    rmcwhorter@buchalter.com, asmith@buchalter.com;dpowers@buchalter.com
- **Allan D Sarver**    ADS@asarverlaw.com
- **United States Trustee (LA)**    ustpregion16.la.ecf@usdoj.gov

☐ Service information continued on attached page

**2**. **SERVED BY UNITED STATES MAIL**:
On (*date*) **12/11/2025**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Hon. Barry Russell
255 E. Temple Street, Suite 1660
Los Angeles, CA 90012

☐ Service information continued on attached page

**3**. **SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 12/11/2025 | Misty Perry Isaacson | /s/ Misty Perry Isaacson |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012

F 9013-3.1.PROOF.SERVICE