GREGORY M. SALVATO (SBN 126285)
  Gsalvato@salvatoboufadel.com
MISTY PERRY ISAACSON (SBN 193204)
  Misty@salvatoboufadel.com
JOSEPH BOUFADEL (SBN 267312)
  Jboufadel@salvatoboufadel.com
SALVATO BOUFADEL LLP
505 N. Tustin Avenue, Suite 282
Santa Ana, California 92705
Telephone: (213) 484-8400

Proposed General Counsel for
Debtor and Debtor-in-Possession
LORDON ENTERPRISES, INC.

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES DIVISION**

| | |
|---|---|
| In re: | Case No. 2:25-bk-19832-BR |
| LORDON ENTERPRISES, INC., | Chapter 11 |
| Debtor and Debtor-in-Possession. | **EX PARTE MOTION OR IN THE ALTERNATIVE EMERGENCY MOTION FOR ORDER EXTENDING DEADLINE TO FILE CHAPTER 11 PLAN AND DISCLOSURE STATEMENT; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF MISTY PERRY ISAACSON IN SUPPORT THEREOF**<br><br>Date:  To be Determined<br>Time:  To be Determined<br>Place: Courtroom 1668<br>        255 E. Temple St.<br>        Los Angeles, CA 90012 |

Ex Parte Motion or in Alternative Emergency Motion to
Extend Deadline to File Plan and Disclosure Statement
-1-
*In re Lordon Enterprises, Inc., Debtor.*
Chapter 11 Case No.2:25-bk-19832-BR

**TO THE HONORABLE BARRY RUSSELL, UNITED STATES BANKRUPTCY JUDGE AND TO ALL OTHER INTERESTED PARTIES:**

**PLEASE TAKE NOTICE** that Lordon Enterprises, Inc., the debtor and debtor-in-possession (the "Debtor" or "Lordon"), will and hereby does move on an Ex Parte and/or Emergency basis pursuant to 11 U.S.C. § 105, Fed. Rule of Bankr. P. 9006(b), and Local Bankruptcy Rules 2081-1 and 9075-1 for an Order extending the deadline for Filing its Chapter 11 Disclosure Statement and Plan of Reorganization as required by this Court's Order entered on November 4, 2025 [Doc. No. 4].

**PLEASE TAKE FURTHER NOTICE** that this motion is being presented to the Court pursuant to the procedures set forth in Local Bankruptcy Rules 2081-1 and 9075-1 and is based on the annexed Memorandum of Points and Authorities, the declaration of the Debtor's counsel, Misty Perry Isaacson, and the papers and pleadings filed in this chapter 11 case.

WHEREFORE, the Debtor prays that the Court enter an order granting the relief requested above, and such additional relief as the Court deems just and proper.

Dated: December 30, 2025

SALVATO BOUFADEL, LLP

/s/ Misty Perry Isaacson

_____

Misty Perry Isaacson, Proposed Attorneys for Lordon Enterprises, Inc.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## CASE BACKGROUND AND FACTS RELEVANT TO THE MOTION

### A. The Debtor

Lordon Enterprises, Inc. (the "Debtor" or "Lordon") is a property management company incorporated in or about March 6, 1974, and whose headquarters are based in Covina, California. Lordon specializes in providing management and planning services to community associations, assisting in financial planning, governance support, and community development. The Debtor has maintained a longstanding reputation for ethical conduct and high-quality service, supported by a skilled and experienced management team dedicated to advancing the firm's tradition of excellence.

### B. Events Precipitating the Filing

The pre-bankruptcy case has a long and winding trail. Golf Projects Lindero ("GPL") was the management company for the amenities located within the Lake Lindero Homeowners Association ("HOA"). Those amenities included the golf course, pool, clubhouse, etc. and comprise almost entirely of the HOA's common areas. GPL and the HOA entered into a management agreement in 1994. In November 2013, the agreement was amended to extend specific terms through November 30, 2027 and to extend the Agreement through December 31, 2050.

In or about 2017, disputes arose between the HOA and GPL regarding certain maintenance of projects that the HOA alleges should have been performed under the Agreement. Thereafter, in or about July 2018, the HOA Board terminated GPL's management agreement and hired Lordon to manage the HOA facilities. The HOA and GPL became involved in a protracted legal dispute concerning the finances and management of the club. Additionally, GPL asserted that Lordon had interfered with its prospective business relationships and economic opportunities.

In 2023, the Superior Court of California, County of Los Angeles ("LASC") in Case No. LC107621 (the "Litigation") issued a ruling finding that certain actions by the HOA

and its former president resulted in liability to GPL. As a result, GPL sought and obtained terminating sanctions against the HOA. This resulted in the Court striking the HOA's Answer and entering default (which ultimately led to a default judgment).

Thereafter, GPL sought terminating sanctions against Lordon alleging the same claims it made against the HOA, which were granted by the Court striking Lordon's answer on April 22, 2025. On or about October 9, 2025, GPL obtained a default judgment against the Debtor in the amount of $14,091,973.60, plus costs in the amount of $14,757.18 (collectively the "Default Judgment"). The Debtor strenuously disputes the validity of the Default Judgment, believes it be void in the first instance and the process for which it was entered. Subsequent to the entry of the Default Judgment, Debtor filed motions seeking to Set Aside and/or Vacate the Default Judgment and for a New Trial and was further engaging in settlement discussions with GPL. On or about October 27, 2025, GPL executed a levy on Debtor's deposit accounts that were held with Sunwest Bank.

The instant chapter 11 filing is the result of the Debtor's alleged liability to GPL, the levy executed on the Debtor's deposit accounts with Sunwest Bank, resulting in liability to other creditors, and the anticipated costs related to the Litigation and potential appeals. The Debtor filed this bankruptcy case to create breathing space from the Litigation and to create a plan or repayment to its creditors, in lieu of liquidation.

### C.  Facts Relevant to the Motion

The Debtor and GPL participated in a mediation before mediator James Bastian on December 22, 2025. Due to the efforts of the parties, tentative agreed terms for a global resolution of the pending Litigation and this Chapter 11 case were made. The parties are currently in the early stages of drafting a settlement agreement that is intended to resolve both the Litigation and the bankruptcy case.

The Debtor therefore requests a 45–60 day extension of time to file its Chapter 11 Disclosure Statement and Plan of Reorganization in order to devote its time and resources to finalizing the settlement agreement. Upon approval of the settlement with GPL, the Debtor anticipates seeking dismissal of this case. GPL is the Debtor's largest unsecured

creditor and was the primary impetus for the bankruptcy filing. Resolution of the Litigation will allow the Debtor to continue its business operations, with all other creditors receiving better treatment than they would be under a confirmed plan, which, after extensive litigation costs, would likely result in only a minimal distribution to creditors.

Prior to filing the within Motion, Debtor's counsel contacted bankruptcy counsel for GPL to inquire whether GPL would oppose the relief requested herein. Counsel for GPL advised that GPL does not object to the requested relief. Debtor's counsel also contacted the Office of the United States Trustee and advised that the Debtor intended to seek the relief requested in this Motion. Counsel for the United States Trustee indicated that he did not oppose the concept of the requested relief but stated that he would review the Motion once filed.

## II.

## THE COURT MAY GRANT AN ENLARGEMENT OF TIME FOR DEBTOR TO FILE ITS CHAPTER 11 DISCLOSURE STATEMENT AND PLAN OF REORGANIZATION FOR GOOD CAUSE

Federal Rule of Bankruptcy Procedure 9006(b) grants the Court broad discretion to enlarge the time within which an act is required or permitted to be performed. Rule 9006(b) provides that when an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of the court, the court for cause shown may order the period enlarged if the request is made before the expiration of the period originally prescribed or as extended by a previous order. Fed. R. Bankr. P. 9006(b)(1). Here, good cause exists to grant the requested enlargement of time. The basis for this request is set forth in the attached Declaration of Misty Perry Isaacson and in the Motion herein.

The Court previously set January 5, 2026, as the deadline for the Debtor to file its Chapter 11 Disclosure Statement and Plan of Reorganization. Because this Motion is filed prior to the expiration of that deadline, and because the Debtor has demonstrated good cause for the requested extension, Federal Rule of Bankruptcy Procedure 9006(b)(1)

Salvato Boufadel LLP

authorizes the Court, in its discretion, to enlarge the applicable deadline. Accordingly, the requested relief is proper and should be granted.

### III.

### CONCLUSION AND PRAYER FOR RELIEF

For the foregoing reasons, the Debtor has demonstrated good cause for the requested enlargement of time. The Debtor is actively engaged in finalizing the terms of a proposed settlement which will resolve the pending Litigation and this Chapter 11 case, and the requested extension will allow the Debtor to devote its time and resources to those efforts. The Motion was filed prior to the expiration of the Court-ordered deadline, and the Debtor's largest unsecured creditor has indicated that it does not object to the requested extension. Granting the requested relief will not prejudice creditors or the estate. Accordingly, the Court should grant the Motion in its entirety.

Dated:  December 30, 2025

SALVATO BOUFADEL, LLP

/s/ Misty Perry Isaacson

_____

Misty Perry Isaacson, Attorneys for Lordon Enterprises, Inc.

# DECLARATION OF MISTY PERRY ISAACSON

I, Misty Perry Isaacson, declare as follows:

1. I am an attorney at law licensed to practice before this Court and all Courts of the State of California. I am an attorney and of counsel to Salvato Boufadel LLP. I submit my declaration in support of Debtor and Debtor-in-Possession Lordon Enterprises, Inc.'s Ex Parte Motion or in the Alternative Emergency Motion for Order Extending Deadline to File Chapter 11 Disclosure Statement and Plan of Reorganization. The following facts are known to me of my own personal knowledge and if called as a witness, I could and would testify competently to the truth thereof.

2. Lordon Enterprises, Inc. (the "Debtor" or "Lordon") is a property management company incorporated in or about March 6, 1974, and whose headquarters are based in Covina, California. Lordon specializes in providing management and planning services to community associations, assisting in financial planning, governance support, and community development.

3. The pre-bankruptcy case has a long and winding trail. Golf Projects Lindero ("GPL") was the management company for the amenities located within the Lake Lindero Homeowners Association ("HOA"). Those amenities included the golf course, pool, clubhouse, etc. and comprise almost entirely of the HOA's common areas. GPL and HOA entered into the management agreement in 1994. In November 2013, the Agreement was amended to extend specific terms through November 30, 2027 and to extend the Agreement through December 31, 2050.

4. In or about 2017, disputes arose between the HOA and GPL regarding certain maintenance of projects that the HOA alleges should have been performed under the Agreement. Thereafter, in or about July 2018, the HOA Board terminated GPL's management agreement and hired Lordon to manage the HOA facilities. The HOA and GPL became involved in a protracted legal dispute concerning the finances and management of the club. Additionally, GPL asserted that Lordon had interfered with its prospective business relationships and economic opportunities. In 2023, the Superior Court

Ex Parte Motion or in Alternative Emergency Motion to
Extend Deadline to File Plan and Disclosure Statement    -7-    In re Lordon Enterprises, Inc., Debtor.
Chapter 11 Case No.2:25-bk-19832-BR

of California, County of Los Angeles ("LASC") in Case No. LC107621 (the "Litigation") issued a ruling finding that certain actions by the HOA and its former president resulted in liability to GPL. As a result, GPL sought and obtained terminating sanctions against the HOA. This resulted in the Court striking the HOA's Answer and entering default (which ultimately led to a default judgment).

5. Thereafter, GPL sought terminating sanctions against Lordon alleging the same claims it made against the HOA, which were granted by the Court striking Lordon's answer on April 22, 2025. On or about October 9, 2025, GPL obtained a default judgment against the Debtor in the amount of $14,091,973.60, plus costs in the amount of $14,757.18 (collectively the "Default Judgment"). The Debtor strenuously disputes the validity of the Default Judgment, believes it to be void in the first instance and the process for which it was entered.

6. Subsequent to the entry of the Default Judgment, Debtor filed motions seeking to Set Aside and/or Vacate the Default Judgment and for a New Trial and was further engaging in settlement discussions with GPL. On or about October 27, 2025, GPL executed a levy on Debtor's deposit accounts that were held with Sunwest Bank.

7. The instant chapter 11 filing is the result of the Debtor's alleged liability to GPL, the levy executed on the Debtor's deposit accounts with Sunwest resulting in further liability to other creditors, the anticipated litigation costs related to the Litigation and potential appeals. The Debtor had filed this bankruptcy case to create breathing space from Litigation and to focus on a resolution that would allow it to continue to operate in lieu of liquidation.

8. The Debtor and GPL participated in an all-day mediation before mediator James Bastian on December 22, 2025, whereat they reached tentative agreed terms for a global resolution of the pending Litigation and this Chapter 11 case. The parties are currently in the early stages of drafting a settlement agreement that is intended to resolve both the Litigation and the bankruptcy case.

9. Prior to filing the within Motion, I contacted bankruptcy counsel for GPL to inquire whether GPL would oppose the relief requested herein. Counsel for GPL advised that GPL does

Salvato Boufadel LLP

Ex Parte Motion or in Alternative Emergency Motion to Extend Deadline to File Plan and Disclosure Statement

-8-

In re Lordon Enterprises, Inc., Debtor.
Chapter 11 Case No.2:25-bk-19832-BR

not object to the requested relief. I also contacted the Office of the United States Trustee and spoke with Ron Maroko regarding my intention to file the within Motion. He indicated that he did not oppose the concept of the requested relief but stated that he would review the Motion once filed.

I declare under penalty of perjury of the laws of the United States of America that the foregoing is true and correct. Executed on December 30, 2025 at Santa Ana, California.

/s/ Misty Perry Isaacson

_____

Misty Perry Isaacson

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: **505 N. Tustin Ave., Suite 282, Santa Ana, CA 92705**

A true and correct copy of the foregoing document entitled (*specify*): **EX PARTE MOTION OR IN THE ALTERNATIVE EMERGENCY MOTION FOR ORDER EXTENDING DEADLINE TO FILE CHAPTER 11 PLAN AND DISCLOSURE STATEMENT; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF MISTY PERRY ISAACSON IN SUPPORT THEREOF** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **12/30/2025**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **Steven T Gubner**    sgubner@bg.law, ecf@bg.law
- **Eamon Jafari**    jafari@barringtonlegal.com, gould@barringtonlegal.com
- **Ron Maroko**    ron.maroko@usdoj.gov
- **Robert S McWhorter**    rmcwhorter@buchalter.com, asmith@buchalter.com;dpowers@buchalter.com
- **Allan D Sarver**    ADS@asarverlaw.com
- **United States Trustee (LA)**    ustpregion16.la.ecf@usdoj.gov

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) **12/30/2025**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Hon. Barry Russell
255 E. Temple St., Suite 1660
Los Angeles, CA 90012
(Judge's Copy)

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 12/30/2025 | Misty Perry Isaacson | /s/ Misty Perry Isaacson |
|---|---|---|
| Date | Printed Name | Signature |

Ex Parte Motion or in Alternative Emergency Motion to Extend Deadline to File Plan and Disclosure Statement    -10-    *In re Lordon Enterprises, Inc., Debtor.*
Chapter 11 Case No.2:25-bk-19832-BR

Salvato Boufadel LLP