GREGORY M. SALVATO (SBN 126285)
  Gsalvato@salvatoboufadel.com
MISTY PERRY ISAACSON (SBN 193204)
  Misty@salvatoboufadel.com
JOSEPH BOUFADEL (SBN 267312)
  Jboufadel@salvatoboufadel.com
SALVATO BOUFADEL LLP
505 N. Tustin Avenue, Suite 282
Santa Ana, California 92705
Telephone: (213) 484-8400

General Counsel for Debtor and
Debtor-in-Possession
LORDON ENTERPRISES, INC.

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br>LORDON ENTERPRISES, INC.,<br><br>    DEBTOR AND DEBTOR-IN POSSESSION. | Case No. 2:25-bk-19832-BR<br><br>Chapter 11<br><br>DEBTOR'S MOTION TO APPROVE COMPROMISE WITH GOLF PROJECTS LINDERO AND DISMISSAL OF CASE; MEMORANDUM OF POINTS AND AUTHORITIES; AND DECLARATION OF JAMES C. BASTIAN, JR. IN SUPPORT THEREOF<br><br>Date:   February 24, 2026<br>Time:  10:00 a.m.<br>Ctrm:  1668<br>Place:  255 E. Temple Street<br>         Los Angeles, CA 90012 |

**TO THE HONORABLE BARRY RUSSELL, U.S. BANKRUPTCY JUDGE,**

**UNITED STATES TRUSTEE, AND ALL OTHER INTERESTED PARTIES:**

**PLEASE TAKE NOTICE** that Lordon Enterprises, Inc. hereby submits its Motion to Approve Compromise with Golf Projects Lindero, Inc. pursuant to Fed. R. Bankr. P. 9019 and to Dismiss this case for cause under § 1112(b) and respectfully represents as follows:

# I.

# STATEMENT OF FACTS

**A.    Pre-Petition History**

Lordon Enterprises, Inc. (the "**Debtor**" or "**Lordon**") is a property management company incorporated in or about March 6, 1974, and whose headquarters is based in Covina, California. Lordon specializes in providing management and planning services to community associations, assisting in financial planning, governance support, and community development. The company was founded in 1966 by Don Melching, who drew upon his experience managing over 25,000 units, including motels, apartments, and homeowners associations.

The pre-bankruptcy case has a long and winding trail. Golf Projects Lindero ("**GPL**") was the management company for the amenities located within the Lake Lindero Homeowners Association ("**HOA**"). Those amenities included the golf course, pool, clubhouse, etc. and comprise almost entirely of Lake Lindero's common areas. In or about 2017, disputes arose between the HOA and GPL regarding certain maintenance of projects that the HOA alleges should have been performed under the management agreement. Thereafter, in or about late 2021, the HOA Board terminated GPL's management agreement and hired Lordon to manage the HOA facilities. The parties became involved in a protracted legal dispute concerning the finances and management of the club. GPL filed a complaint asserting that Lordon had interfered with its prospective business relationships and economic opportunities. In 2023, the Superior Court of California, County of Los Angeles ("LASC") in Case No. LC107621 (the "**Litigation**") issued terminating sanctions against the HOA resulting in the LASC striking the HOA's Answer and entering default (which ultimately led to a default judgment). In its 95-page Statement of Decision, the LASC Court made clear that Lordon's conduct was not before it and that there was no evidence that Lordon participated in the egregious conduct of the HOA's president or its then-attorneys.

Notwithstanding the LASC's prior Statement of Decision, the LASC also issued terminating sanctions and struck Lordon's Answer on April 22, 2025 (the date of the Final Status Conference prior to the Trial date). On May 8, 2025, Lordon filed its Motion for Reconsideration

of the Terminating Sanctions. The LASC heard argument on Lordon's motion for reconsideration on August 27, 2025, and took the motion under submission. On September 11, 2025, the Court issued a minute order denying Lordon's motion on the ground that it lacked jurisdiction to consider "any motion other than a motion to set aside Defendant's default." On or about October 9, 2025, GPL obtained a default judgment against the Debtor in the amount of $14,091,973.60, plus costs in the amount of $14,757.18 (collectively the "**Default Judgment**").

On October 14, 2025, Lordon filed a Motion to Set Aside/Vacate Default and to Vacate Terminating Sanctions which was set to be heard on November 21, 2025. On October 20, 2025, Lordon filed its Motion to Vacate and Set Aside Default Judgment which was scheduled to be heard on December 9, 2025. On October 24, 2025, Lordon filed its Notice of Intention to Move to Vacate the Judgment and Enter a New Judgment. On or about October 27, 2025, GPL executed a levy on Debtor's deposit accounts that were held with Sunwest Bank totaling approximately $445,508.08.

**B.     Post-Petition History**

Debtor commenced the above captioned chapter 11 case on November 3, 2025, by filing a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "**Petition Date**"). The instant chapter 11 filing is the result of the Debtor's alleged liability to GPL and other creditors, the levy executed on the Debtor's deposit accounts with Sunwest, and the resulting litigation costs related to the Litigation and related appeals. The Debtor filed this bankruptcy case to obtain a breathing spell from ongoing litigation and to invoke a centralized bankruptcy forum capable of facilitating an orderly and comprehensive resolution of its dispute with a principal creditor, rather than being forced into liquidation.

On December 22, 2026, the Debtor and GPL (collectively the "**Parties**") attended and participated in a full mediation session before mediator James C. Bastian, Jr. ("**Bastian**"). Both parties were represented by counsel and engaged in the mediation in good faith. The mediation resulted in a confidential settlement agreement resolving the disputes between the Parties (the "**Agreement**"). As is recognized in the Bastian declaration filed concurrently herewith, the Agreement avoids the expense, uncertainty, and delay of further litigation in the LASC, California

Court of Appeals, and this honorable Court.

## II.

## SUMMARY OF SETTLEMENT

The Debtor and GPL have reached a confidential settlement agreement that resolves the litigation in its entirety. Under the Agreement, the Debtor will resolve the claims asserted against it for an undisclosed amount, which obligation is guaranteed by the Debtor's principal. In exchange, GPL has agreed to stipulate to vacating the default judgment previously entered against the Debtor and to seek a dismissal with prejudice of the Litigation against the Debtor. With the dispute that precipitated this bankruptcy case now resolved, the Debtor is seeking dismissal of this case pursuant to 11 U.S.C. § 1112(b), as the valid bankruptcy purpose for the filing has been fulfilled and continued administration would impose unnecessary costs and burdens without corresponding benefit to the estate, while impairing the Debtor's ability to maintain normal business operations.

## III.

## CONCLUSION

For the reasons set forth above, the Debtor respectfully submits that the proposed compromise satisfies the standards of Bankruptcy Rule 9019 and is fair, equitable, and in the best interests of the estate. The settlement resolves the Litigation that led to this case and eliminates any need for further bankruptcy administration. Accordingly, cause exists under 11 U.S.C. § 1112(b) to dismiss this case, as the bankruptcy purpose has been achieved and continued administration would only impose unnecessary costs and burdens without benefit to the estate or creditors. Prior to dismissal, the Debtor will pay all U.S. Trustee quarterly fees that have accrued and become due. The Debtor therefore respectfully requests that the Court enter an order approving the compromise and dismissing this case, together with such other and further relief as the Court deems just and proper.

Dated: December 18, 2025

SALVATO BOUFADEL, LLP

/s/ Misty Perry Isaacson

_____
Misty Perry Isaacson, Attorneys for Lordon Enterprises, Inc.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## UPON APPROVAL BY THE COURT, A DEBTORS IN POSSESSION MAY COMPROMISE A CLAIM OF THE ESTATE

Federal Rule of Bankruptcy Procedure ("FRBP") 9019(a) provides:

> On motion by the trustee [Debtor-in-Possession under § 1107] and after notice and a hearing, the court may approve a compromise or settlement. Notice shall be given to creditors, the United States trustee, the debtor and indenture trustees as provided in Rule 2002 and to any other entity as the court may direct.

Accordingly, upon appropriate notice, the Court may approve a compromise or settlement. In the instant case, this entire notice of motion and motion have been served on the creditors, the U.S. Trustee, and all other parties in interest, including all parties requesting special notice.

## II.

## THE DEBTOR SHOULD BE PERMITTED TO ENTER INTO A COMPROMISE IF IT IS REASONABLE GIVEN THE PARTICULAR CIRCUMSTANCES OF THE CASE

The Ninth Circuit has stated that, "The purpose of a compromise agreement is to allow the trustee and the creditors to avoid the expenses and burdens associated with litigating sharply contested and dubious claims." *Martin v. Caine (In re A&C Properties)*, 784 F.2d. 1377, 1380-81 (9th Cir. 1986) *cert. denied sub nom, Martin v. Robinson*, 479 U.S. 854 (1986). The Bankruptcy Court has great latitude in approving a compromise so long as it finds that the compromise is fair and equitable. Id. at 1382; see also, *Woodson v. Fireman's Fund Insurance Company (In re Woodson)*, 839 F. 2d. 610, 620 (9th Cir. 1988) and *Burton v. Ulrich (In re Schmitt)*, 215 B.R. 417, 421 (B.A.P. 9th Cir. 1997).

The Ninth Circuit Court of Appeals and the Bankruptcy Appellate Panel for the Ninth Circuit have consistently held that a Bankruptcy Court must consider four factors in determining whether to approve a compromise:

(a) The probability of success in the litigation;

Salvato Boufadel LLP

  (b) The difficulties, if any, to be encountered in the matter of collection;

  (c) The complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending to it;

  (d) The paramount interest of the creditors and a proper deference to their reasonable views.

In re *A&C Properties*, *supra*, at 1381; *In re Woodson, supra* at 620; *In re Schmitt, supra*, at 421.

### A. Probability of Success in Litigation

The Debtor believes it has substantial grounds to challenge the LASC's opinion based on procedural defects in the award. Specifically, the Plaintiff's complaint, the sole cause of action against the Debtor, does not allege a specific dollar amount of damages, asserting only that Lordon's actions caused harm "in an amount in excess of the jurisdictional limit of the Court, and according to proof at trial," and similarly prays only for "damages according to proof at trial." Under California Code of Civil Procedure § 580, a complaint must specify the amount of damages so that a defendant has proper notice of potential exposure. While the Debtor asserts meritorious defenses and grounds to overturn the award, the outcome remains uncertain due to disputed facts, credibility issues, and legal defenses that could impact the Debtor's fresh start. The confidential settlement allows the Debtor to put the Litigation to rest and continue normal business operations, avoiding the costs, uncertainty, and disruption of protracted litigation. In exercising its business judgment, the Debtor determined that entering into the Agreement is prudent and reasonable. Accordingly, this factor strongly supports approval of the Agreement.

### B. Difficulties in Collection

In evaluating whether to approve a proposed settlement, one of the *A & C Properties* factors considers the "difficulty of collection." While this factor is typically applied in the context of collecting a judgment or recovery obtained by the estate, its relevance is less direct when the underlying dispute involves potential objections to plan confirmation.

In such cases, the "difficulty of collection" does not relate to the debtor's ability to collect funds from a third party, but rather to the practical challenges faced by the bankruptcy estate or debtor in possession in defending against continued litigation. These challenges include the

Salvato Boufadel LLP

Motion to Compromise and Dismiss Case   -6-   *In re Lordon Enterprises, Inc., Debtor.*
Chapter 11 Case No.2:25-bk-19832-BR

inherent costs, diversion of resources, and delay associated with protracted litigation over plan confirmation issues. Because the Debtor is not seeking to collect on a judgment but to preserve limited resources and achieve case resolution, the traditional collection analysis under *In re A & C Properties* does not squarely apply.

Accordingly, in this context, the "difficulty of collection" factor is better understood as encompassing the likelihood of successfully resolving the dispute through litigation versus the certainty and efficiency achieved through settlement. Approval of the compromise therefore rests more heavily on the other *A & C Properties* factors, such as the probability of success in litigation, the complexity and expense of continued proceedings, and the paramount interests of creditors.

**C.       Complexity of Issues, Expense, Delays**

The LASC Litigation involves complex procedural and legal issues, including whether GPL's first amended complaint satisfied the requirements of California Code of Civil Procedure § 580, which mandates that a complaint specify a damages amount so that a defendant has proper notice of potential exposure. While it is likely that the LASC would grant a motion to vacate the default judgment to allow GPL to further amend its complaint to include a specific damages request, the LASC could then strike the Debtor's answer to the second amended complaint and re-enter judgment.  Such procedural approach was previously applied to the HOA and is currently the subject of a pending California Court of Appeal challenge. These issues, combined with unsettled questions regarding scope of remedies, and potential appellate review, make the litigation highly complex. Resolution would require extensive motion practice and potentially multiple levels of appeal, all of which would be time-consuming, costly, and disruptive to the Debtor's operations.

Because resolution of these issues would require protracted and costly litigation with uncertain outcomes, the proposed compromise eliminates the risk of prolonged disputes, conserves resources, and allows for a prompt and equitable resolution consistent with the interests of creditors.  This factor weighs in favor of settling.

**D.       The Interests of Creditors**

The proposed settlement is in the best interests of the Debtor's creditors. By resolving the litigation with GPL, the settlement allows the Debtor to put the dispute to rest, avoid further costly litigation, and continue normal business operations. Due to GPL's prior levy on the Debtor's Sunwest bank account, certain payments to other creditors did not clear, creating additional obligations; post-dismissal, the Debtor intends to satisfy these obligations and will have sufficient funds to do so because it will be relieved of the substantial costs and fees associated with contentious litigation and bankruptcy administration. As a result, creditors will be paid sooner than if they were required to wait for confirmation of a Chapter 11 plan and payment over time under the Plan, preserving the Debtor's resources for payment of obligations rather than attorneys' fees or administrative costs, eliminating uncertainty and delay, and promoting the efficient resolution of financial matters. Based on these factors, the proposed settlement falls well within the range of reasonableness under *In re A&C Properties* and represents a sound exercise of the Debtor's business judgment. The Debtor respectfully submits that the Agreement is fair, reasonable, and in the best interests of the Debtor and its creditors and should be approved by the Court.

## III.

## APPROVAL OF THE COMPROMISE ESTABLISHES CAUSE FOR DISMISAL UDER 11 U.S.C. § 1112(b)

11 U.S.C. § 1112(b)(1) provides that "on request of a party in interest, and after notice and a hearing, the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interest of creditors and the estate, for cause unless the court determines that the appointment under section 1104(a) of a trustee or an examiner is in the best interest of the creditors and the estate." 11 U.S.C. § 1112(b)(1). "For purposes of section 1112(b)(1), a debtor is a party in interest. *In re Brewery Park Assocs., L.P.*, No. 10-11555, 2011 Bankr. LEXIS 1596 (Bankr. E.D. Pa. Apr. 29, 2011), cited in *In re Baker*, 503 B.R. 751, 759 (Bankr. M.D. Fla. 2013).

The term "cause" is not defined by the Code. "Section 1112(b)(4) contains a nonexclusive list of sixteen scenarios which constitute cause." *In re Broad Creek Edgewater, LP*, 371 B.R. 752,

759 n.8 (Bankr. D.S.C. 2007). *See also, In re Brown*, 951 F.2d 564, 572 (3d Cir. 1991) ("the 'list is not exhaustive' and courts should 'consider other factors as they arise.'") S. Rep. No. 898, 95th Cong., 3d Sess. 117 (1978), *reprinted in* 1978 U.S.C.C.A.N. 5787, 5903: H.R. Rep. No. 595, 95th Cong., 1st Sess. 406 (1977), *reprinted in* 1978 U.S.C.C.A.N. 5963, 6362; *Hall v. Vance*, 887 F.2d 1041, 1044 (10th Cir. 1989) ("[t]his list is not exhaustive." "The bankruptcy court has broad discretion under § 1112(b)").

Debtor submits that approval of the proposed compromise under Bankruptcy Rule 9019 establishes cause for dismissal of this Chapter 11 case under 11 U.S.C. § 1112(b). The determination of cause under § 1112(b) is a case-specific inquiry that focuses on the particular circumstances of the debtor. *United States v. Hacienda Co. (In re Hacienda Co.)*, No. CV 23-125-JFW, 2023 U.S. Dist. LEXIS 83968, at *7 (C.D. Cal. Apr. 5, 2023). Here, the Debtor commenced this case to obtain a breathing spell from litigation with GPL and to resolve that dispute in a centralized forum. That purpose has now been fully achieved through the Parties' settlement. With the litigation resolved, there is no longer a need for reorganization through the plan confirmation process, and continued Chapter 11 administration would serve no reorganizational purpose.

Cause exists under § 1112(b)(4)(A) where there is a continuing diminution of estate resources and no reasonable likelihood of rehabilitation. Courts in the Ninth Circuit have found cause where administrative expenses in pursuing state court claims continue to accrue with no offsetting benefit to the estate. *Rand v. Porsche Fin. Servs. (In re Rand)*, 2010 WL 6259960, at *11 (B.A.P. 9th Cir. Dec. 7, 2010); *Fesko v. Fesko (In re Fesko)*, Nos. NV-19-1306-GLB, 2:19-bk-12146-ABL, 2020 Bankr. LEXIS 1540, at *10 (B.A.P. 9th Cir. June 5, 2020). Importantly, the issue of rehabilitation for purposes of § 1112(b) "is not the technical one of whether the debtor can confirm a plan, but, rather, whether the debtor's business prospects justify continuance of the reorganization effort." *In re Wallace*, No. 09-20496-TLM, 2010 Bankr. LEXIS 261, at *13-14 (Bankr. D. Idaho Jan. 26, 2010) (quoting *In re Rey,* Nos. 04-B-35040, 04-B-22548, 06-B-4487, 2006 WL 2457435, at *6 (Bankr. N.D. Ill. Aug. 21, 2006)).

With the Litigation resolved, continued administration of this case would result only in

Salvato Boufadel LLP

additional professional fees, U.S. Trustee quarterly fees, and administrative costs, without providing any corresponding benefit to creditors. By contrast, dismissal will allow the Debtor to continue normal operations and promptly address obligations to other creditors, including debts that arose when GPL's levy caused payments to fail. Creditors will be paid sooner than if they were required to await confirmation of a Chapter 11 plan and distributions stretched over time, and estate resources will be preserved for creditors rather than consumed by attorneys' fees and bankruptcy administration.

Once cause is established, the Court must determine whether dismissal or conversion is in the best interests of creditors and the estate, applying a balancing test committed to the Court's broad discretion. *Woods & Erickson, LLP v. Leonard (In re AVI, Inc.)*, 289 B.R. 721, 729 (9th Cir. BAP 2008 (citing *Nelson v. Meyer (In re Nelson)*, 343 B.R. 671, 675 (9th Cir. BAP 2006)). "There is no bright-line test to determine whether conversion or dismissal is in the best interest of creditors and the estate. . . The decision between those two remedies is left to the 'wide' discretion of the Court." *In re Fleetstar LLC*, 614 B.R. 767, 781 (Bankr. E.D. La. 2020) (citing *In re Koerner*, 800 F.2d 1358, 1367 (5th Cir. 1986). Given that the dispute necessitating Chapter 11 relief has been resolved and continued administration would impose unnecessary costs without benefit, dismissal, rather than conversion, is plainly in the best interests of creditors and the estate.

## IV.

## **CONCLUSION**

For the foregoing reasons, the Debtor respectfully submits that the proposed compromise satisfies the standards of Bankruptcy Rule 9019 and represents a fair, reasonable, and sound exercise of the Debtor's business judgment. The settlement resolves the Litigation that precipitated this Chapter 11 case, eliminates the need for further reorganization through the plan confirmation process, and allows the Debtor to continue normal business operations and promptly address obligations to creditors outside of bankruptcy. With the bankruptcy purpose having been fulfilled, cause exists under 11 U.S.C. § 1112(b) to dismiss this case, as continued administration would impose unnecessary costs and delay without corresponding benefit to creditors or the estate. The Debtor further represents that all U.S. Trustee quarterly fees accrued prior to dismissal

Salvato Boufadel LLP

Motion to Compromise and Dismiss Case    -10-    *In re Lordon Enterprises, Inc., Debtor.*
Chapter 11 Case No.2:25-bk-19832-BR

will be paid. Accordingly, the Debtor respectfully requests that the Court enter an order approving the compromise and dismissing this case, together with such other and further relief as the Court deems just and proper.

Dated: February 2, 2026                         SALVATO BOUFADEL, LLP

/s/ Misty Perry Isaacson

_____
Misty Perry Isaacson, Attorneys for Lordon Enterprises, Inc.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
**505 N. Tustin Ave., Suite 282, Santa Ana, CA 92705**

A true and correct copy of the foregoing document entitled (*specify*): **(1) DEBTOR'S MOTION TO APPROVE COMPROMISE WITH GOLF PROJECTS LINDERO AND DISMISSAL OF CASE; MEMORANDUM OF POINTS AND AUTHORITIES; AND DECLARATION OF JAMES C. BASTIAN, JR. IN SUPPORT THEREOF; AND (2) NOTICE OF MOTION FOR: DEBTOR'S MOTION TO APPROVE COMPROMISE WITH GOLF PROJECTS LINDERO AND DISMISSAL OF CASE; MEMORANDUM OF POINTS AND AUTHORITIES; AND DECLARATION OF JAMES C. BASTIAN, JR. IN SUPPORT THEREOF** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **02/02/2026**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **Steven T Gubner**    sgubner@bg.law, ecf@bg.law
- **Eamon Jafari**    jafari@barringtonlegal.com, gould@barringtonlegal.com
- **Ron Maroko**    ron.maroko@usdoj.gov
- **Robert S McWhorter**    rmcwhorter@buchalter.com, asmith@buchalter.com;dpowers@buchalter.com
- **Allan D Sarver**    ADS@asarverlaw.com
- **United States Trustee (LA)**    ustpregion16.la.ecf@usdoj.gov

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) **02/02/2026**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Hon. Barry Russell
255 E. Temple St., Suite 1660
Los Angeles, CA 90012

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 02/02/2026 | Misty Perry Isaacson | /s/ Misty Perry Isaacson |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012    F 9013-3.1.PROOF.SERVICE

UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
LOS ANGELES DIVISION

| | |
|---|---|
| IN RE:<br><br>LORDON ENTERPRISES, INC. | CASE NO: 2:25-bk-19832-BR<br>**DECLARATION OF MAILING CERTIFICATE OF SERVICE**<br>Chapter: 11 |

On 2/2/2026, I did cause a copy of the following documents, described below,

DEBTOR'S MOTION TO APPROVE COMPROMISE WITH GOLF PROJECTS LINDERO AND DISMISSAL OF CASE; MEMORANDUM OF POINTS AND AUTHORITIES; AND DECLARATION OF JAMES C. BASTIAN, JR. IN SUPPORT THEREOF

Declaration of James C. Bastian, Jr., in Support of Debtor's Motion to Approve Confidential Compromise with Golf Projects Lindero and Dismissal of Case

NOTICE OF MOTION FOR: DEBTOR'S MOTION TO APPROVE COMPROMISE WITH GOLF PROJECTS LINDERO AND DISMISSAL OF CASE; MEMORANDUM OF POINTS AND AUTHORITIES; AND DECLARATION OF JAMES C. BASTIAN, JR. IN SUPPORT THEREOF

to be served for delivery by the United States Postal Service, via First Class United States Mail, postage prepaid, with sufficient postage thereon to the parties listed on the mailing list exhibit, a copy of which is attached hereto and incorporated as if fully set forth herein.

I caused these documents to be served by utilizing the services of BK Attorney Services, LLC d/b/a certificateofservice.com, an Approved Bankruptcy Notice Provider authorized by the United States Courts Administrative Office, pursuant to Fed.R.Bankr.P. 9001(9) and 2002(g)(4). A copy of the declaration of service is attached hereto and incorporated as if fully set forth herein.

Parties who are participants in the Courts Electronic Noticing System ("NEF"), if any, were denoted as having been served electronically with the documents described herein per the ECF/PACER system.

DATED: 2/2/2026

/s/ Misty Perry Isaacson
Misty Perry Isaacson  193204
Attorney for Debtor
Salvato Boufadel, LLP
505 N. Tustin Avenue, Suite 282

UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
LOS ANGELES DIVISION

| | |
|---|---|
| IN RE:<br><br>LORDON ENTERPRISES, INC. | CASE NO: 2:25-bk-19832-BR<br><br>**CERTIFICATE OF SERVICE<br>DECLARATION OF MAILING**<br><br>Chapter: 11 |

On 2/2/2026, a copy of the following documents, described below,

DEBTOR'S MOTION TO APPROVE COMPROMISE WITH GOLF PROJECTS LINDERO AND DISMISSAL OF CASE; MEMORANDUM OF POINTS AND AUTHORITIES; AND DECLARATION OF JAMES C. BASTIAN, JR. IN SUPPORT THEREOF

Declaration of James C. Bastian, Jr., in Support of Debtor's Motion to Approve Confidential Compromise with Golf Projects Lindero and Dismissal of Case

NOTICE OF MOTION FOR: DEBTOR'S MOTION TO APPROVE COMPROMISE WITH GOLF PROJECTS LINDERO AND DISMISSAL OF CASE; MEMORANDUM OF POINTS AND AUTHORITIES; AND DECLARATION OF JAMES C. BASTIAN, JR. IN SUPPORT THEREOF

were deposited for delivery by the United States Postal Service, via First Class United States Mail, postage prepaid, with sufficient postage thereon to the parties listed on the mailing list exhibit, a copy of which is attached hereto and incorporated as if fully set forth herein.

The undersigned does hereby declare under penalty of perjury of the laws of the United States that I have served the above referenced document(s) on the mailing list attached hereto _(signature)_ Declaration of Certificate of Service and that it is true and correct to the best of my knowledge.

DATED: 2/2/2026

Miles Wood
BK Attorney Services, LLC
d/b/a certificateofservice.com, for
Misty Perry Isaacson
Salvato Boufadel, LLP
505 N. Tustin Avenue, Suite 282
Santa Ana, CA  92705

**(The following pages contain parties served via First Class USPS Mail Service unless stated otherwise.)**

| | | |
|---|---|---|
| LORDON ENTERPRISES, INC.<br>1275 CENTER COURT DR<br>COVINA, CA 91724-3602 | ALEX TRONCOSO<br>360 E. ORLANDO WAY APT N<br>COVINA, CA 91723 | ALISON ARNOLD<br>508 OCEAN DR<br>OXNARD, CA 93035 |
| AMBER MCGEACHY<br>1220 W SAN BERNARDINO RD APT 134<br>COVINA, CA 91722-3563 | AMERICAN SOLUTIONS FOR BUSINESS<br>8479 SOLUTIONS CTR<br>CHICAGO, IL 60677-8004 | AUDREY FAUCETTA<br>8762 CANDLEWOOD ST<br>RCH CUCAMONGA, CA 91730-1125 |
| BMW BANK OF NORTH AMERICA<br>PO BOX 78066<br>PHOENIX, AZ 85062-8066 | BETHANY ALVARDO<br>152 N. VISTA BONITA AVE. APT. 5<br>COVINA, CA 91722 | CANNON FINANCIAL SERVICE<br>14904 COLLECTION CENTER DR<br>CHICAGO, IL 60693-0149 |
| CENTRAL COMMUNICATIONS<br>PO BOX 95117<br>CHICAGO, IL 60694-5117 | CHRISTINA GEORGE<br>2195 SCENIC RIDGE DR<br>CHINO HILLS, CA 91709-1008 | CHRISTINA SALGADO<br>4637 N TRUJILLO DR<br>COVINA, CA 91722-2444 |
| CITI CARDS<br>PO BOX 790046<br>SAINT LOUIS, MO 63179 | COX BUSINESS<br>PO BOX 1259<br>OAKS, PA 19456-1259 | D&G LLC CENTER COURT<br>1875 RANCHO TUJUNGA<br>COVINA, CA 91724 |
| DJ SKY PARK, LLC<br>1230 COLUMBIA ST. SUITE 1120<br>SAN DIEGO, CA 92101 | DANIELLE LAPENA<br>2210 CANTERBURY LN<br>LA HABRA, CA 90631-6315 | DARELYN KAUFMAN<br>1630 W COVINA BLVD SPC 57<br>SAN DIMAS, CA 91773-3426 |
| DEBRA GUZMAN<br>2256 LA SIERRA WAY<br>CLAREMONT, CA 91711 | DELANA LOPEZ<br>133 N LARK ELLEN AVE<br>WEST COVINA, CA 91790 | DENIS WILKINS<br>807 DOROTHEA RD<br>LA HABRA, CA 90631 |
| DEXELL, INC.<br>5962 LA PLACE CT<br>CARLSBAD, CA 92008-8807 | DIANNE CONTRERAS<br>1108 S GLENVIEW RD<br>WEST COVINA, CA 91791-3523 | EYDA CARDENAS<br>924 E RANCHCREEK RD<br>COVINA, CA 91724-3651 |
| EYE MED<br>4000 LUXOTTICA PL<br>MASON, OH 45040-8114 | FAITH CAMPERSON<br>2170 SONORA ST<br>POMONA, CA 91767-2413 | FRANCESCA SANCHEZ<br>622 E PUENTE ST<br>COVINA, CA 91723-2824 |

GAIL DIAZ DE SARKISIAN
280 N OAKLAND AVE
PASADENA, CA 91101-8600

GOLF PROJECTS LINDERO, INC.
C/O GARY SALOMONS, ESQ.
4558 SHERMAN OAKS AVE
SHERMAN OAKS, CA 91403-3060

GUADALUPE RUBALCAVA
326 S BACKTON AVE
LA PUENTE, CA 91744

ICW GROUP
PO BOX 31001
PASADENA, CA 91110-3421

JANE FREEMAN
7101 YARMOUTH AVE
RESEDA, CA 91335-4835

JENNIFER BRYANT
1205 CYPRESS ST SPC 215
SAN DIMAS, CA 91773-3525

JOY BIO
358 TOWNSITE PROMENADE APT 205
CAMARILLO, CA 93010-7879

KAISER FOUNDATION
PO BOX 741562
LOS ANGELES, CA 90074-1567

KARINA ALMEIDA
3685 N WOODHURST DR
COVINA, CA 91724-3367

KARISSA HARDY
434 SANTA CRUZ CIR
PORT HUENEME, CA 93041-3040

KRISTINE CONCEPCION
1441 PASO REAL AVE SPC 200
ROWLAND HGHTS, CA 91748-2157

KRUSCHEN, DOUGLAS
P.O. BOX 465
MSC: F5D9T3B7X4K
AGOURA HILLS, CA 91376, CA 91376-0000

LORDON ENTERPRISES, INC.
1275 CENTER COURT DR
COVINA, CA 91724-3602

MADISON BAUER
1870 RANCHO TUJUNGA DR
COVINA, CA 91724-3545

MICHELLE SOTO
2142 S SAN ANTONIO AVE
ONTARIO, CA 91762

NORDSTROM CARD
PO BOX 6555
ENGLEWOOD, CO 80155

PACIFIC COURIER
11135 RUSH ST STE A
S EL MONTE, CA 91733-3520

PAN JANITORIAL
PO BOX 4283
LA PUENTE, CA 91747-4283

PITNEY BOWES FINANCIAL
27 WATERVIEW DR
SHELTON, CT 06484

PITNEY BOWES PRESORT SERVICES, LLC
10110 I ST
OMAHA, NE 68127-1129

RACHEL KOSCIELNIAK
625 BURDICK DR
POMONA, CA 91768

RAE FRAUSTO
453 FAXINA AVE
LA PUENTE, CA 91744-6167

ROPAT LP
C/O MOONCREST PROP. CO.
PO BOX 719
CAMARILLO, CA 93011-0719

SABRINA NAVARRO
20687 AMAR RD APT 2-330
WALNUT, CA 91789

STEPHANEY KNIGHT
10029 S NORWOOD AVE
TULSA, OK 74137-5538

SUNWEST BANK
660 E. WATERTOWER ST.
MERIDIAN, ID 83642

SUSAN MATSUNE
921 CRYSTAL WATER LN
WALNUT, CA 91789

| | | |
|---|---|---|
| TAMMY RUSSELL<br>1331 E THACKERY AVE<br>WEST COVINA, CA 91790-4345 | TAMMY WHITACRE<br>12263 LA MIRADA BLVD PMB 429<br>LA MIRADA, CA 90638-1329 | UNITED CONCORDIA DENTAL<br>PO BOX 31001<br>PASADENA, CA 91110-0001 |
| VERIZON BUSINESS CELL PHONE<br>PO BOX 489<br>NEWARK, NJ 07101 | WYLLIE ALMEIDA<br>3977 ARROW WOOD RD<br>SN BERNRDNO, CA 92407-8962 | YVONNE HERENDEZ<br>1960 SANTA LUCIA AVE.<br>OXNARD, CA 93030 |
| ZOOM COMMUNICATIONS<br>55 ALMADEN BLVD &#035; 6<br>SAN JOSE, CA 95113-1608 | GREINES, MARTIN, STEIN & RICHLAND<br>C/O ALANA ROTTER<br>6420 WILSHIRE BLVD., SUITE 1100<br>LOS ANGELES, CA 90048 | |